[Civ. No. 6777. Third Dist. May 15, 1943.]

THOMAS B. LEEPER, Respondent, v. SAM GINSBERG, et al., Appellants.

Busick & Busick and O. F. Meldon for Appellants.

Ralph H. Lewis for Respondent.

THE COURT.—This is an appeal from an order of the trial court of Sacramento County terminating appellants' proceedings to settle a bill of exceptions, on account of a lack of diligence. The bill of exceptions was settled and directed to be engrossed, pursuant to the provisions of section 650 of the Code of Civil Procedure, by a judge who resided outside of the county. The engrossed bill was left with the clerk of said court to be forwarded to the judge for his signature and a copy of that document was served on plaintiff's attorney the same day. The clerk failed to forward the engrossed bill to the trial judge, or to call his attention to the fact that it had been left in the clerk's office for him. After more than six months had elapsed from the time of the service of the engrossed bill, the plaintiff moved the trial court to terminate the proceedings on the ground of a lack of diligence. That motion was granted.

█ The appellants contend that the leaving of the engrossed bill of exceptions with the clerk of the court for the trial judge, even though he resided outside of the county, fully complied with the fifth paragraph of section 650 of the Code of Civil Procedure, and affirmatively disproves the charge of lack of diligence in presenting the engrossed bill to the judge for his signature, and that the court therefore abused its discretion in terminating the proceedings.

The late Honorable J. G. Bruton, who resided at Woodland, presided in Sacramento County at the trial of a suit between the parties herein. Judgment was rendered against the defendants. Notice of appeal was given, and proceedings for the settlement of a bill of exceptions were instituted. Defendants filed a proposed bill of exceptions. To that proposed bill the plaintiff filed his proposed amendments. October 30, 1940, Judge Bruton ordered the bill settled and engrossed. The plaintiff stipulated to an extension of thirty days in which to present the engrossed bill. December 7, 1940, defendants left with the County Clerk of Sacramento County the engrossed bill of exceptions to be sent to Judge Bruton at Woodland, or to be delivered to him immediately upon his return to Sacramento, pursuant to section 650 of the Code of

Civil Procedure, and also served upon plaintiff a copy of the proposed bill, on that last mentioned date. The clerk failed to send or deliver the engrossed bill to Judge Bruton. No further action was taken in said matter until July 10, 1941, when the plaintiff served and filed a notice of motion to terminate the proceedings for settlement of the bill of exceptions, on the ground of a lack of diligence. The motion was heard by Judge Bruton on July 21, 1941, and granted ''on the grounds that the Bill of Exceptions was by counsel presented to the Clerk and never presented by counsel to the Judge in due time as prescribed by law, and upon the further grounds that appellant failed to prosecute his appeal.''

After a bill of exceptions has been settled and ordered to be engrossed, paragraph 6 of section 650 of the Code of Civil Procedure provides that ''Within ten (10) days after the settlement *the party who filed the bill must present it to the judge to be certified.*'' (Italics added.)

The question as to whether a party to an action has exercised due diligence in procuring the settlement of a bill of exceptions is largely a matter of discretion with the trial judge, and except for an abuse of discretion his determination in that regard may not be disturbed on appeal. (*Wilson* v. *Wilson,* 207 Cal. 364, 366 [278 P. 440].)

We are of the opinion we may not interfere with the discretion of the trial judge in determining that the proceedings for settlement of the bill of exceptions should be terminated for lack of diligence. In the case last cited it was held that a delay of four months in procuring the settlement of a bill of exceptions constituted a lack of diligence. The court said ''This period of inaction of four months is unexcused.''

The appellants in the present case were the actors in this proceeding to settle the bill of exceptions. It was their duty to exercise diligence in perfecting their appeal. Within ten days after the court settled the bill and directed it to be engrossed the law required ''the party who filed the bill'' to present it to the judge to be certified. We may assume the language of section 650 is not mandatory in that regard, and that the fact that the judge resided in a city outside of the county where the case was pending, would authorize the appellants to leave the bill with the clerk to be presented to the judge, and that this procedure would excuse a delay beyond the ten days' limitation in obtaining the judge's cer-

tificate. But this would not excuse a delay of six months during which no inquiry nor further activity was exercised to procure the signing and filing of the settled bill. It is not unreasonable to assume that the appellants were required to follow their proceedings with diligence and to inquire of the clerk whether the bill had been presented and filed, and if not to see that that routine matter was attended to promptly. This is true since the court rules require the transcript on appeal, including the bill of exceptions, to be filed within a prescribed limited time. (Rule I, sec. 1, Rules for the Supreme Court and District Courts of Appeal.) This placed the appellants on inquiry. For that reason we are unable to say the court abused its discretion in terminating the proceedings for settlement of the bill of exceptions.

In support of their contention that the appellants were purged of the charge of a lack of diligence by leaving the engrossed bill with the clerk to be presented to the judge for his signature, they rely on *Tregambo* v. *Comanche Mill & Min. Co.*, 57 Cal. 501, *Andrews* v. *Metzner*, 83 Cal.App. 764 [257 P. 203], and 5 California Jurisprudence 230, section 12. They quote from the Tregambo case with regard to the omission of the clerk to perform his duty by filing a demurrer which was left with him for that purpose, on account of the failure to file which the default of the defendant was entered. The court said:

"When, therefore, the demurrers were brought and deposited with the clerk for filing, they were, in contemplation of law as to the defendant, on file in the case. A paper in a case is said to be filed when it is delivered to the clerk and received by him, to be kept with the papers in the cause. . . . Filing a paper consists in presenting it at the proper office, and leaving it there, deposited with the papers in such office. Indorsing it with the time of filing is not a necessary part of filing. . . .

"It was the duty of the clerk to have indorsed upon them the date of their filing. *His omission of duty could not prejudice the defendant in any of its legal rights.*"

To the same effect are the other authorities relied on by the appellants. It will be observed the foregoing authority merely determines that when a pleading is left with the clerk and accepted by him *to be filed* it is deemed by law to have been filed of record. The bill of exceptions in the present case

was not left with the clerk to be filed. It required the signature of the judge before it was entitled to be filed. But assuming, without so deciding, that it was the duty of the clerk to forward promptly the bill to the judge for his signature, and that his omission to do so could not be charged to the appellants as a lack of diligence, it is still the duty of appellants to prosecute their appeal with due diligence, and in so doing they may be charged with negligence in not inquiring and ascertaining why their bill had not been presented and filed during a period of over six months. (*Miller* v. *American Central Ins. Co.*, 2 Cal.App. 271 [83 P. 289].)

For the foregoing reasons we are impelled to hold that we may not interfere with the discretion of the trial judge in terminating the proceeding to settle the bill.

The order is affirmed.