[Civ. No. 13051. First Dist., Div. Two. Feb. 4, 1946.]

THOMAS FLINT, JR., Appellant, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Respondents.

Lionel Browne and Franklyn M. O'Brien for Appellant.

Robert W. Kenny, Attorney General, J. Albert Hutchinson and F. Walter French, Deputies Attorney General, for Respondents.

DOOLING, J.—The respondents moved to dismiss this appeal for appellant's failure to perfect or present any record on appeal. The motion is supported by a certificate of the clerk of the superior court as required by rule 42, Rules on Appeal. From this certificate it appears that judgment was entered on June 6, 1944; motion for new trial denied June 30, 1944; notice of appeal filed September 5, 1944; a preliminary stipulation under rule 6(b), Rules on Appeal filed September 14, 1944; notice to the clerk to prepare clerk's and reporter's transcripts filed November 4, 1944; and that no further steps for the preparation of either record have ever been taken.

Appellant made no counter showing but at the time set for hearing the motion counsel for appellant called to the attention of the court the fact that the clerk's certificate did not show that the clerk of the superior court had ever given to appellant the notifications of his estimates of the cost of preparing the reporter's and clerk's transcripts as provided in rules 4(c) and 5(c), Rules on Appeal. The two provisions are counterparts of one another and it will suffice to quote rule 5(c):

"The notice (to prepare transcript) given by the appellant under the foregoing provisions of this rule shall not be effective for any purpose unless, within 10 days after notification from the clerk of his estimate of the cost of preparing the transcript . . . the appellant shall make arrangements with the clerk for the payment thereof."

Rules 4(d) and 5(d) make the time within which the transcripts shall be completed start only after the appellant has arranged for the payment of the cost of their preparation as required by rules 4(c) and 5(c).

It is appellant's position, as stated on oral argument, that until he received the notifications of the estimates of the clerk of the cost of preparing the two transcripts no duty was

cast on him by the rules to do anything, and since it is not shown that such notifications were ever given the time to prepare neither transcript has ever started to run.

In this argument appellant overlooks the fundamental rule of appellate procedure that the burden is always upon an appellant to use reasonable diligence to perfect and prosecute his appeal. Where some step is required by the rules to be taken by an officer of the court and such officer delays unreasonably the appellant cannot sit by indefinitely and do nothing. He must exercise a reasonable amount of diligence to investigate any unwarranted delays and if necessary take steps to see that the legal duty is performed. (*Caminetti* v. *Edward Brown & Sons,* 23 Cal.2d 511 [144 P.2d 570] ; *Leeper* v. *Ginsberg,* 58 Cal.App.2d 591 [137 P.2d 859] ; *Harris* v. *Burt,* 47 Cal.App. 480 [190 P. 1058].)

█ On the showing before us the notice to prepare the transcripts was filed on November 4, 1944. It is not shown that in the period of over one year between that date and the time that the motion to dismiss was presented appellant took any step of any sort to procure from the clerk the estimates provided for in rules 4(c) and 5(c) ; and we cannot assume, in the absence of a showing to that effect, that the clerk would wilfully refuse to perform his duty if the matter was called to his attention.

While rule 10(a) of the Rules on Appeal excuses an appellant for delays which are the fault of court officers, it makes him responsible for delay which "is the fault of the appellant." The unexplained delay of more than a year in procuring or attempting to procure the estimates required of the clerk by rules 4(c) and 5(c) can only be attributed to appellant's complete lack of diligence and is "the fault of the appellant" within the meaning of rule 10(a).

The appeal is dismissed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied March 6, 1946.