[Civ. No. 7451.   Third Dist.   Oct. 20, 1947.]

MARSDEN WHELPTON, Appellant, v. ROLAND M. TAY-
LOR, as Administrator, etc., et al., Respondents.

Arthur C. Fisher for Appellant.

William M. Taylor for Respondents.

ADAMS, P. J.—This is a motion to dismiss an appeal on the
ground that appellant failed to make arrangements with the
clerk of the lower court for payment for the clerk's transcript
within the time provided by the Rules on Appeal.

Notice of motion to dismiss was filed in this court on Septem-
ber 4, 1947, and October 2d was set as the hearing date.  The
notice was served upon counsel for appellant by mail, same
having been posted in Los Angeles on September 2, 1947, ad-
dressed to appellant's counsel at Long Beach.

Movant's motion to dismiss is supported by a certificate of
the clerk of the lower court which shows that judgment for
defendant Roland M. Taylor, as administrator of the estate
of E. F. Stella, deceased, against cross-defendant Marsden
Whelpton, quieting title to certain real property, was entered
April 26, 1946, and that a judgment was entered on plaintiff's
complaint in favor of defendants on June 28, 1946; that on or
about July 25, 1946, Whelpton filed a notice of motion to set
aside both judgments, which motion was denied September 6,
1946; that Whelpton filed notice of appeal on September 28,

1946; that he did not, however, make arrangements with the clerk for payment of the clerk's transcript, and had not done so at the date of said certificate which was May 28, 1947; that more than 10 days had elapsed since he had been notified, on February 5, 1947, of the clerk's estimate of the cost of preparing the transcript; and that no extension of time had been granted.

On October 1, 1947, Arthur C. Fisher, attorney for plaintiff and appellant, Marsden Whelpton, filed in this court an affidavit made on September 30, 1947, in which he set forth that on January 29, 1947, he received from the clerk of the lower court a notice of estimate of cost of clerk's transcript on appeal, copy of which he attached to his affidavit, and which fixed the clerk's estimate at $15; that he mailed his check for that amount to said clerk on January 30, 1947, and that said check was cashed by said clerk. His affidavit, however, further avers:

"That affiant has just found in the file of the above-entitled action a subsequent communication from said County Clerk, a copy of which is hereto attached and expressly made a part hereof as though fully set forth herein and is marked 'Exhibit IV.' That affiant had not previously seen said communication, and has now transmitted to said County Clerk the sum of $20.00 mentioned in said communication, as being due on the revised estimate."

Said subsequent communication sent by the clerk was dated February 5, 1947, and advised Mr. Fisher as follows:

"When we first forwarded you an estimate on the cost of the clerk's transcript on appeal in the above entitled action we only estimated the cost of making up the papers mentioned in your notice and neglected to include the Judgment Roll which must be included, whether requested or not. I have requested a revised estimate from the court reporter and she now gives me the following figures:

| | |
|---|---|
| For original and one copy | $35.00 |
| Previously paid by Mr. Fisher | 15.00 |
| Still Due | 20.00" |

Mr. Fisher's letter to the clerk of this court, which accompanied the aforesaid affidavit, advised that he would like to submit the matter on said affidavit; and on the hearing of the motion to dismiss, there was no appearance for appellant.

Rule 5 of the Rules on Appeal provides that an appellant shall give notice to the clerk designating the papers or records

on file which he desires incorporated in the record on appeal, and also provides (c) that ''The notice given by the appellant under the foregoing provisions of this rule shall not be effective for any purpose unless, within 10 days after notification from the clerk of his estimate of the cost of preparing the transcript, with the exception of exhibits and affidavits which the respondent has directed to be copied, the appellant shall make arrangements with the clerk for the payment thereof.''

From the showing made before this court it appears that appellant did, within 10 days after receiving the clerk's first notification of his estimate, mail his check to the clerk for payment of same. But, though he received the second estimate, which was dated February 5, 1947, he did not make any arrangements with the clerk for the payment of the additional amount ($20) until after his receipt of notice of this motion to dismiss. It is therefore apparent that from January 30, 1947, when he mailed the first check, until just before he made his affidavit on September 30, 1947, he made no effort to ascertain whether the record on appeal had been transcribed and filed in the appellate court, and, apparently, had not even referred to his file or he would earlier have found therein the clerk's second notice, which he admits was in said file.

Rule 5(c) above quoted is mandatory and since appellant did not, within the time provided by the rule, make his arrangements with the clerk, even if the transcript on appeal were now filed in this court (which it has not been) it would ''not be effective for any purpose.'' The conclusion seems to follow that the appeal should be dismissed under rule 10(a) of the Rules on Appeal. See *Barry* v. *Bowdle,* 69 Cal.App.2d 721 [160 P.2d 91].

Appellant has made no motion to be relieved of his default in failing to comply with rule 5; and even had he done so it would be difficult to say that the delay was not attributable to inexcusable indifference and neglect on his part. See *Leeper* v. *Ginsberg,* 58 Cal.App.2d 591, 595 [137 P.2d 859] ; *Caminetti* v. *Edward Brown & Sons,* 23 Cal.2d 511, 514 [144 P.2d 570] ; *Murphy* v. *Krumm,* 21 Cal.2d 846, 849 [136 P.2d 8] ; *Flint* v. *Board of Medical Examiners,* 72 Cal.App.2d 844, and cases cited at page 846 [165 P.2d 694]. In the case last cited the court said that ''the burden is always upon an appellant to use reasonable diligence to perfect and prosecute his appeal. Where some step is required by the rules to be taken by an officer of the court and such officer delays unreasonably the

appellant cannot sit by indefinitely and do nothing. He must exercise a reasonable amount of diligence to investigate any unwarranted delays and if necessary take steps to see that the legal duty is performed.''

The appeal is dismissed.

Peek, J., and Thompson, J., concurred.