[Civ. No. 7488. Third Dist. Apr. 19, 1948.]

WILLIAM A. CALDWELL, Respondent, v. CARLOS H. HARVEY, Appellant.

Thomas Marlor and Anthony Chargin for Appellant.

Maul, Hughes & Maul and Thomas Maul for Respondent.

ADAMS, P. J.—This is a motion filed in this court on December 8, 1947, to dismiss an appeal from a judgment which had been entered March 18, 1947. The motion was supported by a certificate of the clerk of the lower court dated December 3, 1947, which conformed to rule 42 of the Rules on Appeal, and recited the nature of the action, the names of the attorneys of record, a description of the judgment and the date of its entry, a statement that no motion for a new trial was made, that notice of appeal to the Supreme Court was filed on March 19, 1947, and amended notice of appeal to this court dated March 27, 1947; that on said March 27th, defendant's attorneys filed with affiant as clerk of the lower court a request for clerk's and reporter's transcripts; that no steps were taken to prepare an agreed statement; that no order extending time for preparation of the record was filed and no record of transcript had been certified by the lower court, and no proceeding for the certification of a record on appeal was pending in the said superior court, and that no transcript had been filed.

The notice of motion was served on appellant's counsel on December 3, 1947, and said motion was set for hearing in this

court on February 5, 1948. No written opposition to said motion was filed by appellant and no written motion to be relieved of default was made by him; but on said February 5, 1948, counsel for appellant appeared and argued in opposition to respondent's motion.

In the meantime and on January 27, 1948, appellant had filed in this court the clerk's and reporter's transcripts on appeal, together with an affidavit of Lee Johnston, court reporter, verified on December 16, 1947. The clerk's transcript was certified on December 30, 1947, and the reporter's transcript, as corrected, was certified by the trial judge on January 9, 1948. It was averred in the reporter's affidavit that affiant had reported the proceedings on the trial of this action, that judgment was entered March 19, 1947, and notice of appeal to this court filed on March 28, 1947; that on the latter date appellant filed a request for clerk's and reporter's transcripts, and his counsel requested an estimate of the cost of preparation of reporter's transcript, which estimated cost was promptly given and said attorney forthwith paid the entire estimated cost and requested affiant to proceed as soon as possible with the preparation of such transcript. He further averred that "as soon as possible thereafter" he commenced preparation of the reporter's transcript, and whenever time and opportunity had afforded had diligently worked upon the said reporter's transcript; that since the request for same was made he had been in almost daily attendance upon court sessions, many of which were criminal trials; that the attorney for appellant had frequently asked him concerning the progress of the preparation of such transcript, and affiant had told him that he was preparing same as rapidly as possible; and that same was then (December 16, 1947) completed and ready to be filed. No extension of time to prepare said transcript was ever asked of this court by said reporter; and, as aforesaid, the record was not filed until the 27th day of January, 1948.

Rule 4(d) of the Rules on Appeal requires that the reporter's transcript shall be completed and filed with the clerk within 30 days after direction by the clerk; and rule 5(d) provides that within 30 days after appellant has arranged for payment of the cost of the clerk's transcript, as provided by subdivision (c) of said rule, the clerk shall prepare and certify said clerk's transcript. It is obvious that in this case there was no compliance with either of the rules, and that, in fact, 10 months elapsed after the notice of appeal

was filed before the record on appeal was filed in this court, and then only after respondent's motion to dismiss was filed.

In *Murphy* v. *Krumm*, 21 Cal.2d 846 [136 P.2d 8], the Supreme Court held that where a motion to dismiss is filed in an appellate court, the right to a dismissal is determined by the facts as they existed at the time the notice of motion was given. It is apparent here that when said notice was given nearly nine months had elapsed since the notice of appeal, the record was not on file nor had a record or transcript been certified; and no proceedings for certification were pending in the trial court. On the face of the record, then, respondent was entitled to have the appeal dismissed under the authority of that case, and under subdivision (a) of rule 10 which provides that "If the appellant shall fail to perform any act necessary to procure the filing of the record or to pay the filing fee within the time allowed therefor or within any valid ·extension of that time, and such failure is the fault of the appellant and not of any court officer or any other party, the appeal may be dismissed on motion of the respondent or on the reviewing court's own motion."

And while the failure to file the reporter's transcript may be said to have been due to the failure of the reporter to perform the duties imposed upon him by the rules (which have the force of positive law) it can hardly be said that appellant's counsel was without fault in permitting such a long delay in getting his record on file. As was said in *Flint* v. *Board of Medical Examiners*, 72 Cal.App.2d 844, 846 [165 P.2d 694]: "the burden is always upon an appellant to use reasonable diligence to perfect and prosecute his appeal. Where some step is required by the rules to be taken by an officer of the court and such officer delays unreasonably the appellant cannot sit by indefinitely and do nothing. He must exercise a reasonable amount of diligence to investigate any unwarranted delays *and if necessary take steps to see that the legal duty is performed.*" (Italics ours.) Also see *Whelpton* v. *Taylor*, 81 Cal.App.2d 949 [185 P.2d 391]. And as far as the record before us is concerned the only steps appellant's counsel took to get his record prepared was to make occasional inquiries of the reporter as to his progress in preparing the reporter's transcript.

Rule 53(b) authorizes a reviewing court, for good cause, to relieve a party from a default occasioned by failure to comply with the rules, except the failure to give timely notice of appeal. But thereunder, to justify grace, there must

be good cause shown. And while, as said in *Jarkieh* v. *Badagliacco,* 68 Cal.App.2d 426, 431 [156 P.2d 969], there is a strong public policy in favor of hearing appeals on their merits, on the other hand a respondent is entitled to have an appellant proceed with expedition, and, if he fails to comply with the rules, to have the appeal dismissed; and in determining whether an appellant should be relieved from default such factors as the length of the delay, the circumstances, and the relative injury that will flow to either party by granting or denying relief, are to be considered. See *Leeper* v. *Ginsberg,* 58 Cal.App.2d 591, 595 [137 P.2d 859]; *Wilson* v. *Wilson,* 207 Cal. 364, 366 [278 P. 440].

Here the record shows that plaintiff, the moving party here, recovered a judgment for nearly $5,000 in an action for money had and received. For over a year he has been deprived of the fruits of his judgment. Appellant has not shown that he took any steps to expedite the hearing of his appeal on its merits except to make occasional inquiries of the court reporter as to his progress in preparing the transcript; and though the reporter was plainly in default appellant took no steps to compel him to perform his duty nor did he ask relief from his default, or make any excuse for his dilatoriness.

While rule 53 of the Rules on Appeal provides that the rules are to be liberally construed, such liberal construction is specifically stated to be for the purpose of securing "the just and speedy determination of appeals and original proceedings."

It might be added that appellant has not filed any opening brief on his appeal nor has he requested any extension of time to file same.

Under the circumstances we conclude that appellant has not shown justification for relief from default. Accordingly, respondent's motion to dismiss the appeal is granted and the appeal is dismissed.

Peek, J., and Thompson, J., concurred.