[Civ. No. 7500. Third Dist. Apr. 29, 1948.]

CLEO CLYDE, Respondent, v. M. V. CLYDE, Appellant.

John W. Finley for Appellant.

Carlton & Shadwell for Respondent.

ADAMS, P. J.—Respondent, on February 13, 1948, filed in this court a motion to dismiss the appeal taken by defendant from a judgment entered September 25, 1947. The certificate of the clerk of the trial court, which is relied upon in support of the motion, shows that notice of appeal was filed November 20th, notice to prepare transcript filed December 1st, estimate of cost of preparing transcript given to county clerk December 4th, and copy of same mailed to attorney for defendant on said date, all in 1947; but that on the date of the certificate, February 11, 1948, payment of the estimated cost had not been made nor had arrangements for extension of credit been made by counsel for appellant, and that the time therefor had expired. The motion to dismiss is also supported by an affidavit made by respondent's attorney stating that appellant's notice to prepare transcript was not served on the attorneys for respondent, or either of them. Said motion was noticed for hearing on March 5, 1948, and copy of the motion was served on appellant's attorney February 12, 1948.

On March 2, 1948, appellant filed herein a notice of motion for relief from default, same being supported by affidavits of appellant M. V. Clyde, John W. Finley, attorney for appellant, and Mar Nell Davis, secretary of said attorney.

The affidavit of appellant Clyde sets forth that on December 1, 1947, his attorney wrote him a letter addressed to his place of business at Long Beach advising him that appeal had been filed and that in about three days moneys would be needed for the costs thereof. Also that on December 8, 1947, said attorney had written him at Long Beach advising that the

transcript cost was $100, and requesting that the money be sent to him within 10 days. He further avers that at the time said letters were received at his place of business in Long Beach affiant was absent from the state, and that same were not called to his attention until the 10-day period had elapsed, and that he therefore believed that he had no further remedy, and did nothing until about February 16, 1948, when he received a letter from his attorney advising of respondent's motion to dismiss and stating that under the circumstances the appellate court might grant relief for the failure to comply with rule 5 of the Rules on Appeal. With his affidavit appellant transmitted a cashier's check for $100 dated February 19, 1948, payable to the clerk of the trial court.

The affidavits of appellant's attorney, John W. Finley, and his secretary pertain to the asserted failure of appellant to serve on counsel for respondent appellant's notice to prepare transcript, it being averred that Mr. Finley instructed his said secretary to send to the attorneys for respondent a copy of such notice, but that said secretary could not remember whether she did so or not.

 On the showing made by respondent, she was, at the time her notice of motion to dismiss was filed, entitled to have the appeal dismissed. In *Murphy* v. *Krumm,* 21 Cal.2d 846 [136 P.2d 8], the court said that the right to dismissal of an appeal is determined by the facts as they existed at the time the notice of motion was given. In the case before us it is not denied that at the time such notice was given more than two months had elapsed since appellant's counsel had been given an estimate of the cost of the transcript, and during that time no steps to perfect this appeal had been taken by either appellant or his counsel. The question, therefore, is whether, on the showing made, appellant is entitled to relief from default in failing to deposit with the clerk of the court the estimated cost of the transcript. Rule 10 of the Rules on Appeal provides that if an appellant shall fail to perform any act necessary to procure the filing of the record within the time allowed therefor, or within any valid extension of that time, and such failure is the fault of appellant and not of any court officer or any other party, the appeal may be dismissed on motion of the respondent or on the reviewing court's own motion. Clearly here there was no failure on the part of any court officer or any other party; and there is no showing that during the two months that

elapsed after the giving of the cost estimate and before the filing of respondent's motion, any extension of time was asked by appellant or granted by any court, nor any attempt made to make arrangements with the clerk or reporter for payment thereof. (Rule 5(c).) Nor is any excuse offered by appellant's counsel for not taking steps to ascertain why his client had not forwarded the money requested for payment for the transcript. Also it may be noted that at the time of the hearing in this court on March 5, 1948, the money for same had not been deposited with the clerk of the superior court, though same was presented to this court and is still among the records thereof.

While it has been said that there is a strong public policy in favor of hearing appeals on their merits, on the other hand a respondent is entitled to have an appellant proceed with expedition; and the burden is upon an appellant to use reasonable diligence to perfect his appeal. See *Leeper* v. *Ginsberg*, 58 Cal.App.2d 591, 595 [137 P.2d 859]; *Flint* v. *Board of Medical Examiners*, 72 Cal.App.2d 844, 846 [165 P.2d 694]; *Whelpton* v. *Taylor*, 81 Cal.App.2d 949 [185 P.2d 391]; *Caldwell* v. *Harvey, ante,* p. 104 [192 P.2d 62].

Just when appellant himself returned from his out-of-state trip and received the letter of his attorney requesting payment of the estimated cost of such transcript is not made to appear; but it is apparent from his affidavit that he did not advance the money until after respondent's motion had been filed here in February, 1948, and that in the meantime he had, in effect, considered his appeal fruitless and had resigned himself to an abandonment thereof; and for all that appears his counsel had acquiesced in such conclusion.

The new Rules on Appeal are designed to effect the just and speedy determination of appeals (rule 53); and they have now been in effect long enough for every member of the bar to take notice of their provisions and govern himself accordingly in seeking reviews by appellate courts.

We conclude that appellant has not shown a sufficient excuse for his delay in this case. Appellant's motion for relief is therefore denied, respondent's motion to dismiss the appeal is granted, and the appeal is dismissed.

Peek, J., and Thompson, J., concurred.