[Civ. No. 7580.   Third Dist.   Sept. 25, 1948.]

CHAS. I. CUNNINGHAM, Appellant, v. GENE E. TAYLOR et al., Respondents.

No appearance for Appellant.

Vernon F. Gant and Carlos J. Badger for Respondents.

ADAMS, P. J.—On August 12, 1948, respondents filed in this court a notice of motion to dismiss this appeal, same being supported by a certificate of the clerk of the trial court in accordance with rule 42(a) of the Rules on Appeal.   Service of the notice was made upon appellant by the mailing to his attorney at Oakdale, California, on August 9, 1948, of a copy of said notice and supporting papers.   Pursuant to said notice, hearing was had before this court on September 2, 1948.   Appellant failed to appear or to file any opposition to the motion.

The clerk's certificate shows the following facts:

At the conclusion of plaintiff's case the trial court granted defendants' motion for a nonsuit.   On November 7, 1947, findings were filed and judgment entered.   No notice of intention to move for a new trial was filed.   On January 6, 1948, notice

of appeal was filed by plaintiff and notice to prepare clerk's transcript was served and filed on January 8, 1948. On May 8th, appellant was notified of the cost of preparing such transcript, but no arrangement for paying said cost was made by him.

Rule 5(c) of the Rules on Appeal requires that arrangements for the payment of the cost of preparing a transcript must be made within 10 days after notification of the cost thereof. Rule 10(b) of said rules provides that failure of an appellant to perform any act necessary to procure the filing of a record on appeal justifies dismissal of such appeal where such failure is not the fault of any court officer or other party. Rule 41 provides that failure of an appellant to appear and oppose a motion for dismissal of an appeal, after due service of notice of motion, or to file a written opposition to the motion, may be deemed an abandonment of an appeal, authorizing its dismissal.

From the foregoing it is apparent that this appeal should be dismissed, not only for failure of appellant to arrange with the clerk for payment of the cost of the record, but also because such appeal may be deemed abandoned. See *Barry* v. *Bowdle,* 69 Cal.App.2d 721 [160 P.2d 91] ; *Duehr* v. *Callaway,* 80 Cal. App.2d 887 [183 P.2d 380] ; *Whelpton* v. *Taylor,* 81 Cal.App. 2d 949 [185 P.2d 391] ; *Heatly* v. *Heatly,* 83 Cal.App.2d 677 [189 P.2d 748] ; *Caldwell* v. *Harvey,* 85 Cal.App.2d 104 [192 P.2d 62] ; *Clyde* v. *Clyde,* 85 Cal.App.2d 249 [193 P.2d 9] ; *Flint* v. *Board of Medical Examiners,* 72 Cal.App.2d 844 [165 P.2d 694].

The clerk's certificate above mentioned also recites that a motion to terminate proceedings for the preparation of the record on appeal and to dismiss the appeal was made in the lower court and granted. Such proceedings have, however, become obsolete under the present Rules on Appeal. See *Averill* v. *Lincoln,* 24 Cal.2d 761, 764 [151 P.2d 119] ; *Jarkieh* v. *Badagliacco,* 68 Cal.App.2d 426, 429 [156 P.2d 969].

The appeal is dismissed.

Peek, J., and Thompson, J., concurred.