[Civ. No. 7552. Third Dist. Jan. 25, 1949.]

RAY A. MYERS et al., Appellants, v. CHARLES G. JOHNSON, as State Treasurer, et al., Respondents.

Paul J. Ziegler & Arthur Kaufman for Appellants.

Fred N. Howser, Attorney General, and Irving H. Perluss and James Sabine, Deputy Attorneys General, for Respondents.

PEEK, J.—This is a motion by defendants to dismiss plaintiffs' appeal, under the provisions of rule (10a), Rules on Appeal, for failure to comply with the requirements of rule 4(c) of said rules. The pertinent portion of rule 4(c) is as follows:

"The notice given by the appellant under the foregoing provisions of this rule shall not be effective for any purpose unless, within 10 days after notification from the clerk of his estimate of the cost of preparing the reporter's transcript as designated by the notices of the parties, the appellant shall either deposit with the clerk an amount of cash equal to the estimated cost with directions to apply the same to the fees of the reporter or file with the clerk a waiver of such deposit signed by the reporter. ..."

Rule 10(a) provides as follows:

"If the appellant shall fail to perform any act necessary to procure the filing of the record or to pay the filing fee within the time allowed therefor or within any valid extension of that time, and such failure is the fault of the appellant and not of any court officer or any other party, the appeal may be dismissed on motion of the respondent or on the reviewing court's own motion."

The certificate of the clerk of the superior court attached to the motion to dismiss discloses that plaintiffs brought action seeking a refund of allegedly overpaid taxes, and the judgment that plaintiffs take nothing by their complaint was rendered on December 30, 1947. Written notice of entry of judgment was served by mail on January 29, 1948, and plaintiffs filed a notice of appeal therefrom on January 29, 1948. On January 29, 1948, plaintiffs' attorney was informed by said clerk of the cost of preparing the clerk's transcript and further advised said counsel that the reporter would inform him of the cost of the reporter's transcript. By a letter dated February 16, 1948, plaintiffs' attorney was informed by the reporter that the cost of said transcript would

be $85. On March 2, 1948, the reporter again wrote to plaintiffs' counsel inquiring whether or not he desired the transcript to be prepared. As of May 27, 1948, the date of the clerk's certificate, the reporter's fees had not been deposited with the clerk.

The affidavit of plaintiffs' attorney, which is entitled ''Affidavit in Opposition to Respondents' Motion to Dismiss Appeal,'' states that the cost of preparing the clerk's transcript was paid within 10 days after receipt of the notice from the clerk, that no notice of the cost of preparing the reporter's transcript was ever received from the clerk although said counsel admits in his affidavit he did receive a letter from the reporter dated February 16, 1948, informing him of the cost of said transcript. Plaintiffs' counsel further avers that on June 14, 1948, he wrote to the clerk stating that he had not received notice of the cost of preparing the reporter's transcript. Lastly, affiant avers that in order not to delay the prosecution of the appeal he forwarded to said clerk the amount estimated by the reporter to be the cost of preparing said transcript but affiant does not specify the date of such payment.

Respondents' motion to dismiss was filed on May 27, 1948, and the affidavit of plaintiffs' attorney in opposition thereto was filed on September 4, 1948, or more than three months thereafter.

While it is clear from the foregoing that the clerk himself did not notify appellants' counsel of the cost of preparing the reporter's transcript as provided in rule 4(c) of the Rules on Appeal it does appear that the clerk did inform said counsel that the reporter would notify him direct of the cost thereof and that the reporter did so. It is also apparent that said counsel took action pursuant to the subsequent notice from the reporter and that he took no steps to perfect his appeal until after defendant's motion to dismiss had been filed.

Thus it appears without controversy that at the time said motion to dismiss was filed appellants were in default, having failed to comply with the provisions of said rule 4(c), and hence respondents were entitled to have the appeal dismissed under rule 10(a). (*Murphy* v. *Krumm,* 21 Cal.2d 846 [136 P.2d 8].) Counsel for appellants endeavor to escape consequences of these facts by contending in their affidavit in opposition to respondents' motion, as well as in their oral argument before this court, that they were under no duty to act since

the clerk had failed to strictly comply with the provisions of said Rules on Appeal, therefore they could not be held to be in default since no notice was. ever received from the clerk as provided therein. (Rule 4(c).)

■ In so arguing appellants overlook the fundamental rule of appellate procedure that "the burden is always upon an appellant to use reasonable diligence to perfect and prosecute his appeal. Where some step is required by the rules to be taken by an officer of the court and such officer delays unreasonably the appellant cannot sit by indefinitely and do nothing. He must exercise a reasonable amount of diligence to investigate any unwarranted delays and if necessary take steps to see that the legal duty is performed." (*Flint* v. *Board of Medical Examiners*, 72 Cal.App.2d 844, 846 [165 P.2d 694]; *Caldwell* v. *Harvey*, 85 Cal.App.2d 104, 106, 107 [192 P.2d 62].)

No mitigating circumstances having been shown and appellants having failed to move to be relieved from their default under rule 53(b) of the Rules on Appeal, respondents' motion to dismiss the appeal is granted, and it is so ordered.

Adams, P. J., and Thompson, J., concurred.