[Civ. No. 8332. Third Dist. Dec. 12, 1952.]

FIRST NATIONAL BANK OF DURANGO (a Corporation), Respondent, v. ED HAINES, Appellant.

Harrison W. Call for Appellant.

C. A. Stromsness for Respondent.

THE COURT.—This is a motion by respondent to dismiss the appellant's appeal from a judgment entered August 4, 1952. From the affidavit of the clerk of the trial court it appears that the only action taken by appellant was the filing of a notice of appeal on August 27, 1952. However, it does appear from an affidavit of the court reporter that on or about August 8, 1952, appellant requested an estimate of the cost of preparing a reporter's transcript and that an estimate was given to appellant on or about September 8, 1952, but that the reporter received no further communication from appellant. Respondent's motion was noticed for hearing on November 13, 1952, and a copy thereof was served by mail on appellant on October 20, 1952. On November 10, 1952, appellant filed his application for relief from default, and on November 12, 1952, filed his personal affidavit in support thereof.

There can be no question but that on the showing made by respondent it was, at the time its notice of motion was filed, entitled to have the appeal dismissed. (*Clyde* v. *Clyde*, 85 Cal.App.2d 249 [193 P.2d 9].)

Under such circumstances the sole question presented for determination is whether on the showing made appellant is entitled to relief from default for failure to comply with the Rules on Appeal.

From our examination of appellant's affidavit we find nothing which would warrant this court in granting his request for relief. Clearly appellant did not take the steps necessary to perfect his appeal nor did he request any extension of time to enable him so to do. Nor is there any showing that such delay was caused by the failure of any court officer or any other party.

While it has been said that there is a strong public policy in favor of hearing appeals on their merits nevertheless a respondent is entitled to have an appellant proceed with expedition, and the burden of so proceeding is cast upon the appellant. (*Clyde* v. *Clyde, supra.*)

The motion is granted and the appeal is dismissed.