Filed 9/14/20  Serpa v. Berchtold CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JAMES A. SERPA, SR. et al., | F077010 |
| Plaintiffs, Cross-defendants and Appellants, | (Super. Ct. No. CV58123) |
| v. | **OPINION** |
| RICHARD BERCHTOLD, as Co-trustee, etc. et al., | |
| Defendants, Cross-complainants and Respondents; | |
| DANNIE LEE BERCHTOLD, | |
| Defendant, Cross-complainant and Respondent. | |

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

James A. Serpa, Sr. and Kathleen B. Serpa, in pro. per.; Law Office of Nicco Capozzi and Nicco Capozzi for Plaintiffs, Cross-defendants and Appellants.

Dannie Berchtold, in pro. per.; Seibert Bautista Montoya, Shannon Seibert and Joe Bautista for Defendants, Cross-complainants and Respondents.

-ooOoo-

Appellants appeal from the judgment entered after a court trial.  They contend the judgment should be reversed because the trial court clerk could not locate the trial exhibits and transmit them to this court for the appeal.  Because the appellant bears the burden of providing an adequate record for meaningful review, we conclude it was appellants' responsibility, in the absence of the original trial exhibits, to attempt to reconstruct the exhibits.  Absent a showing that the exhibits could not be adequately reconstructed and that appellants could not establish the trial court's alleged error without the exhibits, appellants have not demonstrated grounds for reversal.  Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The clerk's transcript on appeal is sparse.  It contains only the judgment, a notice of entry of judgment, the notice of appeal, a post-judgment order awarding attorney fees to some respondents, and a designation of the record on appeal.  The designation of record did not identify any exhibits to be included in the transcript.

The reporter's transcript indicates there were "15 or so causes of action" in the first amended complaint, which appellants were pursuing.  The action was based on five secured loans made by respondents to appellants.  Appellants raised an issue of usury; they also accused at least one of the respondents of interfering with their prior bankruptcy proceeding, causing the loss of the residence that was the security for the loans.  Respondents cross-complained.  After a five-day court trial, judgment was entered on the complaint and the cross-complaint in favor of all respondents except Dannie Berchtold in his individual capacity.  As to Dannie Berchtold individually, appellants and Berchtold were to take nothing on the complaint and cross-complaint.  Appellants appeal from the judgment.

## DISCUSSION

Appellants' opening brief does not identify any error in the prejudgment trial court proceedings.  It raises only one issue:  missing exhibits.  Appellants moved to augment

2.

the record on appeal with the exhibits from the trial; the motion was granted. The trial court clerk, however, was unable to locate any of the exhibits. The clerk requested the exhibits from the trial attorneys, but respondents' attorney stated her files had been purged after the trial, and appellants' trial attorney stated appellants had collected all the papers related to the case from him. Appellants told the clerk they did not have any of the exhibits and did not know who did. In their brief, appellants "request reversal or, in the alternative, an order to the trial court to attempt to reconstruct the evidence."

## I.     Record on Appeal

"Within 10 days after filing the notice of appeal, an appellant must serve and file a notice in the superior court designating the record on appeal." (Cal. Rules of Court, rule 8.121(a).)[1] Generally, "all exhibits admitted in evidence, refused, or lodged are deemed part of the record, but a party wanting a copy of an exhibit included in the transcript must specify that exhibit by number or letter in its notice of designation. If the superior court has returned a designated exhibit to a party, the party in possession of the exhibit must deliver it to the superior court clerk within 10 days after the notice designating the exhibit is served." (Rule 8.122(a)(3).) Appellants initially did not designate any exhibits to be included in the transcript.

If a party subsequently realizes that additional documents are needed in the record on appeal, the party may move to have the record augmented to include "[a]ny document filed or lodged in the case in superior court." (Rule 8.155(a)(1)(A).) The party must attach a copy of the document to the motion to augment or, if the party cannot attach a copy, the party must identify the document by title and filing date. (Rules 8.155(a)(2), (3), 8.122(a)(1).) If, after the respondent's brief is filed, the appellant wants the appellate court to consider an exhibit that was not included in the clerk's transcript, the appellant can designate that exhibit as part of the record within 10 days after the last respondent's

---

[1]     All further references to rules are to the California Rules of Court.

3.

brief is filed. (Rule 8.224(a)(1).) Within 20 days after the notice of designation is filed, the superior court clerk must send any designated exhibits in the clerk's possession to the reviewing court. (Rule 8.224(b)(1).) If a party is in possession of the designated exhibits, the party must send them directly to the reviewing court. (Rule 8.224(b)(2).)

About three months after the record on appeal was filed, appellants, acting in propria persona, moved to augment it with all of the trial exhibits; they asserted they had discovered the exhibits were not included in the clerk's or reporter's transcripts, their trial attorney was not cooperating with access to the case file, and they needed the exhibits to complete their brief. This court granted the motion. On February 14, 2019, the trial court clerk filed a declaration regarding the inability to locate the exhibits.

## II.  Burden on Appellants

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' … ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

" '[T]he burden is always upon an appellant to use reasonable diligence to perfect and prosecute his appeal.' " (*Caldwell v. Harvey* (1948) 85 Cal.App.2d 104, 107.) In *Caldwell*, the appellant filed a notice of appeal and requested clerk's and reporter's transcripts. (*Id.* at p. 106.) The court reporter took months to prepare the reporter's transcript and failed to request any extension from the court. (*Ibid.*) The respondent moved to dismiss the appeal for failure to file the record; the record, including the

reporter's transcript, was filed before the hearing of the respondent's motion to dismiss. The reporter's transcript was accompanied by the declaration of the court reporter regarding the length of time it took to prepare the reporter's transcript. At the hearing, the appellant argued the appeal should not be dismissed. (*Id*. at pp. 105–106.) Although the court reporter had caused the delay, the court attributed responsibility to the appellant. It noted the burden of perfecting and prosecuting the appeal was on the appellant. " 'Where some step is required by the rules to be taken by an officer of the court and such officer delays unreasonably the appellant cannot sit by indefinitely and do nothing. He must exercise a reasonable amount of diligence to investigate any unwarranted delays *and if necessary take steps to see that the legal duty is performed*.' " (*Id*. at p. 107.) The appellant's counsel had only made occasional inquiries of the court reporter about his progress in preparing the transcript. (*Id*. at p. 108.) The court concluded the appellant had not shown justification for relief from the default and dismissed the appeal. (*Ibid*.)

Designating exhibits as part of the record and ensuring they are delivered to the reviewing court is part of the appellant's burden of providing an adequate record for a meaningful review of the errors claimed by the appellant. (*DePonce v. System Freight Service* (1944) 66 Cal.App.2d 295, 302.) Ordinarily, the appellant's burden is met by designating the exhibits as part of the record and having them transmitted to the appellate court by the trial court clerk. In this case, however, more was required because the exhibits could not be located by the trial court clerk.

In criminal cases, the court has indicated that, when original trial court exhibits are unavailable, an attempt to reconstruct them for the appellate record must be made. (*People v. Coley* (1997) 52 Cal.App.4th 964, 970 (*Coley*).) "If they can be reconstructed, the appellate court can review them as if they had not been lost, with no resulting prejudice to the [appell]ant." (*Ibid*.) In *Coley*, the appellant argued for reversal of his conviction, not because the evidence presented at trial was insufficient, but because the trial exhibits had been lost. (*Id*. at p. 968.) The court observed: "[R]eversal for

insufficiency of evidence when exhibits are not available for appellate review is not now and never has been the law." (*Id.* at p. 969.)  Reversing a judgment simply because exhibits were lost, without attempting to reconstruct them, would violate the constitutional requirement that judgments not be reversed in the absence of prejudice. (*Id.* at p. 970.)

"Reconstruction of exhibits is essentially the same as preparing a settled statement for unreported portions of trial proceedings .…" (*Coley, supra*, 52 Cal.App.4th at p. 969.)  "A settled statement is a summary of the superior court proceedings approved by the superior court." (Rule 8.137(a).)  Generally, the appellant serves and files a proposed statement, the respondent has an opportunity to respond with proposed amendments, and, if there is a dispute, the superior court resolves it, then certifies the settled statement and transmits it to the appellate court.  (Rule 8.137(c), (e), (f), (g), (h).)

Thus, the burden was on appellants to attempt to locate the original exhibits, which were apparently returned to the parties or their attorneys after the trial, or to reconstruct the exhibits by locating copies of them the parties could agree (or the trial court could determine) were accurate copies.  Because the parties' briefs must be based on the information in the appellate record, the time to reconstruct the trial exhibits was before the briefs were filed.  The court clerk filed the declaration explaining the inability to locate the original trial court exhibits on February 14, 2019.  On June 18, 2019, appellants, who had been representing themselves, filed a substitution of attorneys, bringing an attorney into the case to represent them.  Appellants' attorney obtained five extensions of time for filing the opening brief.[2]  The opening brief was filed on November 5, 2019.  Thus, from the time the court clerk filed her declaration, appellants

---

[2]  Before they retained appellate counsel, appellants also obtained five extensions of time to file the opening brief.

and their counsel had a total of almost nine months in which to attempt to reconstruct the exhibits.

There is nothing in appellants' opening brief indicating they made any effort to locate or reconstruct the exhibits. Respondents' brief indicates appellants' counsel did not contact respondents' attorney to inquire about the exhibits; counsel spoke about other matters, but appellants' counsel never mentioned the missing exhibits.

There were 43 exhibits on the trial court's exhibit list. We have reviewed the reporter's transcript of the trial. In it, the trial court and the parties discussed the original and the first amended complaint and indicated there were multiple exhibits attached to them (marked as exhibits A through X), which apparently included the five promissory notes and deeds of trust in issue. Appellants could have reviewed the court file, or their own files of pretrial pleadings and motions, to determine whether any of the pretrial filings included copies of the same documents that became trial exhibits, which could have been used to reconstruct the trial exhibits.

The reporter's transcript also indicates the exhibits included a substantial number of documents from the federal court files of the prior bankruptcy proceeding, of which the trial court took judicial notice. Other exhibits were documents obtained from businesses or public agencies, such as an appraiser, a real estate agent, potential lenders, and the building department. Three of the exhibits were trial court orders that would have been part of the trial court's file. There is no indication appellants attempted to obtain copies of any of those documents to reconstruct the exhibits.

In a case involving missing exhibits, while the trial court and the appellate court remain available to assist the appellant in reconstructing the record, the laboring oar must be manned by the appellant. It is the appellant who must determine which exhibits are necessary to establish the claimed error. The appellant must, at the least, make a diligent effort to determine (1) whether the trial exhibits themselves exist and who possesses them, and (2) if they no longer exist or cannot be located, whether copies of the exhibits

are available, which the parties (with or without the assistance of the trial court) can present as accurate copies of the trial exhibits.

"Where exhibits are missing we will not presume they would undermine the judgment." (*Western Aggregates, Inc. v. County of Yuba* (2002) 101 Cal.App.4th 278, 291.) Appellants bear the burden to show that deficiencies in the record are prejudicial to them. (*People v. Osband* (1996) 13 Cal.4th 622, 663.) Appellants have not demonstrated that the exhibits could not be reconstructed. They also have not demonstrated that the exhibits were needed for their appeal, that is, that appellants could not obtain meaningful review of the judgment without them. Appellants' opening brief baldly asserts that, without the exhibits, appellants cannot have a meaningful appellate review. They have not identified any error in the trial court proceedings. They have not explained the relevance of the missing exhibits to any alleged error in the proceedings. They have not demonstrated that the alleged error cannot be established without the exhibits.

Accordingly, we conclude appellants have not established any reversible error.

**DISPOSITION**

The judgment is affirmed. Respondents are entitled to their costs on appeal.


HILL, P.J.

WE CONCUR:


FRANSON, J.


PEÑA, J.


8.