Filed 6/26/25  Retin v. PF Bakeries CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| WILLIAM RETIN,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PF BAKERIES, LLC,<br><br>    Defendant and Appellant. | D083839<br><br><br><br>(Super. Ct. No. 37-2022-00004986-CU-BC-CTL) |

APPEAL from a judgment and an order of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

Michael H. Weiner for Defendant and Appellant.

Kessler & Seecof, Daniel J. Kessler and Benjamin R. Seecof for Plaintiff and Respondent.

## I.  INTRODUCTION

Plaintiff William Retin (Plaintiff) sold his bakery business to defendant PF Bakeries, LLC (Defendant) for $20,000, to be paid in two equal installments.  Defendant made the first payment but refused to make the second one, claiming Plaintiff failed to convey all the assets necessary to run the business.  Plaintiff sued to recover the second installment payment.

After a bench trial, the court ruled in Plaintiff's favor and awarded him $10,000 in damages, plus prejudgment interest and attorney fees. On appeal, Defendant challenges the sufficiency of the evidence supporting the trial court's factual findings underlying the judgment and the order awarding attorney fees. As we explain below, Defendant has not provided us with an appellate record sufficient to demonstrate error. Accordingly, we affirm the judgment and order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Lawsuit

Effective February 1, 2021, Plaintiff and Defendant entered into a written agreement (the Agreement) concerning Plaintiff's bakery business, "Lang's Bakery." As relevant here, the Agreement provides (verbatim): "[Plaintiff] will get 20,000$ at two payments, 10,000 when turns all the assets of Lang's Bakery says today; and another 10,000$ when the Lang's bakery operation will be up and running." The Agreement contains an attorney fees provision.

One year later, in February 2022, Plaintiff sued Defendant for breaching the Agreement.[1] Plaintiff alleged that Defendant (1) made the first $10,000 payment on February 1, 2021; (2) "has been 'operating' and 'running' Lang's Bakery since at least April 16, 2021," as evidenced by numerous screenshots of the bakery's website and social media pages; yet (3) still has not made the second $10,000 payment despite Plaintiff's numerous requests. Plaintiff alleged he fully performed under the

---

[1]    Plaintiff's complaint asserted additional causes of action and named other defendants. The court dismissed the additional causes of action and defendants at trial. Those dismissals are not at issue here.

Agreement. Among other remedies, Plaintiff prayed for $10,000 in damages, prejudgment interest from April 16, 2021 (the date Plaintiff alleged Defendant had the bakery up and running), and attorney fees.

Defendant answered the complaint with a general denial and several affirmative defenses. As later explained in its trial brief, Defendant maintained it was excused from making the second installment payment because Plaintiff breached the Agreement's requirement to deliver "all assets" of the bakery to Defendant. Defendant acknowledged "the Agreement lacks definiteness with respect to 'all assets,'" but Defendant argued the term included, at a minimum, "the production report/baking formulas" generated by Plaintiff's QuickBooks software, which Defendant maintained were necessary to "scale" recipes to fulfill future customer orders.

## B. Trial

The trial court conducted a short cause bench trial on September 11, 2023. There was no court reporter. Plaintiff's case consisted of his own testimony and two exhibits — the Agreement (Exhibit 3) and some text messages (Exhibit 68). Defendant's case consisted of two witnesses (Defendant's owner and another person) and four exhibits — a "Lang's Bakery Purchase Order" (Exhibit 65), a "Production Sheet" (Exhibit 66), a "Dough Formula Calc." (Exhibit 67), and a "Box of Documents" (Exhibit 69).

The trial court announced its ruling from the bench and memorialized the ruling in a minute order; neither party requested a statement of decision. After "fully consider[ing] the arguments of all parties, both written and oral, as well as the evidence presented," the court found in Plaintiff's favor and awarded him $10,000 in damages, prejudgment interest beginning on April 16, 2021 (the date Plaintiff alleged Defendant had the business up and running), attorney fees to be determined by noticed motion, and costs to be

3

determined by a memorandum of costs. By stipulated order, the trial exhibits were returned to the parties.[2]

In January 2024, the trial court entered judgment on the damage and prejudgment interest awards, with attorney fees and costs still to be determined.

### C. Attorney Fees

In February 2024, Plaintiff moved for an award of $14,350 in contractual attorney fees and $1,226.66 in costs. Defendant opposed the motion. The trial court found Plaintiff was the prevailing party and awarded the requested fees. The court did not award costs because Plaintiff did not submit a proper memorandum of costs.

## III. DISCUSSION

Defendant contends "the evidence does not support the judgment" and that "the trial court should not have ordered attorneys' fees" because Plaintiff was "not the prevailing party." Neither claim has merit.

### A. Defendant Has Not Provided an Appellate Record Sufficient to Challenge the Evidence Supporting the Judgment

Defendant contends the trial court erred in ruling for Plaintiff because Plaintiff breached the Agreement first by failing to provide assets necessary to scale up the bakery business, which according to Defendant, excused Defendant's further performance under the Agreement. Defendant maintains Plaintiff's prior breach constituted the failure of a condition precedent to Defendant's performance under the Agreement, the failure of

---

[2] According to the minute order, "Exhibit 69 labeled Box of Documents" was released to Defendant's counsel, and the remaining exhibits were released to Plaintiff's counsel.

4

Plaintiff to substantially perform his obligations under the Agreement, and obstructed Defendant's ability to perform under the Agreement. These are challenges to the trial court's findings on questions of fact, which we review for substantial evidence. (See *Louison v. Yohanan* (1981) 117 Cal.App.3d 258, 267 [whether a condition precedent was satisfied is a question of fact]; *Brown v. Grimes* (2011) 192 Cal.App.4th 265, 277 ["Normally the question of whether a breach of an obligation is a material breach, so as to excuse performance by the other party, is a question of fact."]; *Magic Carpet Ride LLC v. Rugger Investment Group, L.L.C.* (2019) 41 Cal.App.5th 357, 364 [" '[w]hat constitutes substantial performance is a question of fact' "]; *Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981 ["We apply a substantial evidence standard of review to the trial court's findings of fact."].) Defendant has not provided an adequate appellate record to show error under this standard (e.g., Settled Statement on Appeal, statement of decision, transcripts, exhibits).

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' . . . ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609, citations omitted (*Jameson*).)

5

When a party fails to request a statement of decision from the trial court, "[t]he doctrine of implied findings requires the appellate court to infer the trial court made all factual findings necessary to support the judgment." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58 (*Fladeboe*).) "The appellate court then reviews the implied factual findings under the substantial evidence standard." (*Id.* at p. 60.)

"Generally, appellants in ordinary civil appeals must provide a reporter's transcript at their own expense." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186; see *Jameson, supra*, 5 Cal.5th at p. 608.) "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992 (*Fain*); accord, *Robinson v. Gutierrez* (2023) 98 Cal.App.5th 278, 283; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2024) ¶8:47.)

Defendant did not request a statement of decision. Accordingly, we "infer the trial court made all factual findings necessary to support the judgment."[3] (*Fladeboe, supra*, 150 Cal.App.4th at p. 58.) Nor did Defendant provide a reporter's transcript. Consequently, we conclusively presume the

_____

[3] This legal inference is supported by logical inferences apparent from the record. The fact the trial court awarded prejudgment interest from April 16, 2021 — the date Plaintiff alleged Defendant had the bakery up and running — logically supports the finding that Defendant had the business up and running as of that date, thus refuting Defendant's claim that Plaintiff failed to deliver assets necessary to run the bakery.

testimony at trial supported the trial court's factual findings. (See *Fain, supra,* 75 Cal.App.4th at p. 992.) Defendant therefore has not met its burden as appellant to show the trial court erred.

Defendant contends certain trial exhibits show that the trial court's findings are unsupported. Specifically, Defendant asserts that Exhibits 57 through 64 consist of text messages that show Plaintiff failed to provide "critical pieces" of information that prevented Defendant from "get[ting] Lang's Bakery up and running in a successful manner." Defendant also claims Exhibits 66, 67, and 69 undermine the trial court's "conclu[sion] that the mere turnover of a box of recipes constituted substantial performance by [Plaintiff]." But "[w]hen, as here, the record on appeal consists of only a clerk's transcript and exhibits and no error appears on the face of the record, the sufficiency of the evidence to support the trial court's rulings is not open to consideration by a reviewing court." (*County of Los Angeles v. Surety Ins. Co.* (1984) 152 Cal.App.3d 16, 23.)

Defendant's reliance on these exhibits is misplaced, in any event. As to Exhibits 57 through 64, the trial court's minute order and the joint exhibit list indicate the exhibits were neither offered nor admitted at trial. Moreover, Defendant did not designate these exhibits for transmission to our court as part of the appellate record.[4]

Defendant's reliance on the remaining cited exhibits — Exhibits 66, 67, and 69 — is flawed for several reasons. First, although Defendant mentions the exhibits in its briefing, Defendant does not explain in any detail how they support Defendant's legal position. This is insufficient to meet an appellant's burden. (See *Audish v. Macias* (2024) 102 Cal.App.5th 740, 751 [an appellant

---

4    Defendant designated only Exhibits 3, 65, 66, 67, and 68.

7

forfeits its appellate challenge "by failing to discuss — with proper record citations — any facts or evidence relating to the" challenge].)

Second, Defendant did not designate Exhibit 69 for transmission to our court as part of the appellate record. (See fn. 4, *ante.*)

Third, indeed none of the exhibits came to our court as part of the appellate record. "An appellate court's review is limited to consideration of the matters contained in the appellate record." (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534; see *Jameson, supra,* 5 Cal.5th at p. 609 ["the burden is on an appellant to demonstrate" error "on the basis of the record presented to the appellate court"].)

Defendant blames Plaintiff for the fact the exhibits were not transmitted to us. Specifically, Defendant asserts that because the exhibits were returned to Plaintiff at the end of trial, the California Rules of Court required Plaintiff to provide the exhibits to the clerk as part of the record preparation process.[5] As a general proposition, this is true. (See Cal. Rules of Court,[6] rule 8.122(a)(3) ["If the superior court has returned a designated exhibit to a party, the party in possession of the exhibit must deliver it to the superior court clerk within 10 days after the notice designating the exhibit is served."].)[7] However, even where deficiencies in the appellate record result from *another* party's failure to comply with duties imposed by the rules, "the appellant cannot sit by indefinitely and do nothing. He must exercise a reasonable amount of diligence to investigate any unwarranted delays and if

---

[5]   This argument would not apply to Exhibit 69 (the box of documents) because the trial court released it *to Defendant* at the end of trial.

[6]   Further rule references are to the California Rules of Court.

[7]   We note that Defendant cited rule 8.870(d)(2), which relates to record preparation in misdemeanor cases. (See rule 8.850 ["The rules in this chapter apply only to appeals in misdemeanor cases."].)

necessary take steps to see that the legal duty is performed." (*Flint v. Board of Medical Examiners* (1946) 72 Cal.App.2d 844, 846; accord *Caldwell v. Harvey* (1948) 85 Cal.App.2d 104, 107 [" '[T]he burden is always upon an appellant to use reasonable diligence to perfect and prosecute his appeal.' "].)

Defendant failed to exercise reasonable diligence here. The clerk's transcript was certified in August 2024 and did not include the designated exhibits. Yet, Defendant took no corrective action. When Defendant filed its opening brief in November 2024, Defendant still took no corrective action, despite referencing the omitted exhibits in the brief. When Plaintiff pointed out the omission in its respondent's brief in December 2024, Defendant still made no effort to remedy the situation. (See, e.g., rule 8.224(a)(1) ["Within 10 days after the last respondent's brief is filed . . . , a party wanting the reviewing court to consider any original exhibits that were admitted in evidence . . . but that were not copied in the clerk's transcript . . . must serve and file a notice in superior court designating such exhibits."].) Finally, when Defendant filed its reply brief in January 2025, Defendant still took no corrective action — Defendant merely blamed Plaintiff for the missing exhibits. Simply put, Defendant did not act diligently in preparing the appellate record.

## B. Defendant's Derivative Challenge to the Attorney Fees Award Likewise Fails

Defendant contends that because the evidence does not support the trial court's ruling for Plaintiff on the merits of the breach of contract claim, the evidence likewise does not support the trial court's finding that Plaintiff prevailed on that claim for purposes of awarding attorney fees. For the same reasons we rejected Defendant's challenge as it relates to the trial court's

9

factual findings in support of the judgment, we likewise reject the challenge as it relates to the findings underlying the attorney fees award.

## IV.  DISPOSITION

The judgment and the order awarding attorney fees are affirmed. Plaintiff is entitled to recover his costs on appeal.


RUBIN, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.

10