[Civ. No. 17888. Second Dist., Div. One. July 17, 1950.]

IRVING J. SNYDER, Respondent, v. SAMUEL J. COTTON et al., Appellants.

Altagen, Rubin & Umann for Appellants.

Wood, Crump, Rogers, Arndt & Evans for Respondent.

DRAPEAU, J.— In this case judgment was entered November 18, 1949; notice of appeal was filed December 21, 1949; notice to clerk for preparation of clerk's and reporter's transcripts was filed January 12, 1950. Payment for clerk's transcript was received April 7, 1950; clerk's transcript on appeal was filed March 31, 1950.

June 7, 1950, motion to dismiss appeal was filed. On that date no reporter's transcript had been filed.

Appellant Beckenfeld himself filed an affidavit, dated June 14, 1950, averring that during March and April he was negotiating directly with counsel for respondent to settle the case; that he was reasonably sure it could be settled, and therefore, did not pay all of the reporter's fees; that all of the reporter's fees had been paid on the date of the affidavit.

Counsel for appellant filed no affidavit. And no denial was made of respondent's showing that repeated requests had been made to counsel to perfect the appeal.

 While an appellate court has the power to relieve parties from default under the rules on appeal (*Jarkieh* v. *Badagliacco,* 68 Cal.App.2d 426 [156 P.2d 969]), an affirmative showing must be made under rule 53(b) to be relieved from default. (*Caldwell* v. *Harvey,* 85 Cal.App.2d 104 [192 P.2d 62].)

 The right to a dismissal of an appeal for delay in filing the transcript of record is determined by the facts as they exist when the notice of motion is given. (*Murphy* v. *Krumm,* 21 Cal.2d 846 [136 P.2d 8].)

 The time which elapsed in this case is too long. (*Myers* v. *Johnson,* 89 Cal.App.2d 800 [201 P.2d 884].)

The appeal is dismissed.

White, P. J., and Doran, J., concurred.