[Civ. No. 3721. Fourth Dist. Feb. 16, 1948.]

TRAVIS HEATLY, Jr., Plaintiff and Respondent, v. JANE HEATLY, Appellant; KINGS COUNTY ABSTRACT COMPANY (a Corporation) et al., Interveners and Respondents.

Charles C. Montgomery, Jr., for Appellant.

Sidney J. W. Sharp, Herbert M. Braden and David S. Folsom for Respondents.

BARNARD, P. J.—This is a motion to dismiss an appeal arising out of an action to quiet title to real property. The action was brought on June 11, 1946, and an affidavit was filed showing personal service on the defendant on July 1, 1946. The default of the defendant was entered on August 1, 1946, and an order for judgment and a decree quieting title in the plaintiff were filed on August 5, 1946.

On January 30, 1947, the defendant filed notice that on February 3, 1947, she would move to set aside her default and the judgment and for permission to file an answer and cross-complaint, the motion to be based on the ground that summons had not been served upon her.

On February 3, 1947, the motion was continued for hearing to April 1, 1947, with the rights of the parties to be reserved as if the motion were made and heard on February 3. In the meantime other parties who had purchased the land in reliance on the judgment and the Kings County Abstract Company, which had issued a Policy of Title Insurance thereon, filed complaints in intervention.

The motion was heard on April 1, 1947, both documentary evidence and oral testimony being received. The matter was submitted on briefs and on May 20, 1947, the court denied the motion on the grounds that a valid service of process had been made on the defendant and that the motion, if considered as made on February 3, 1947, was not made within six months after entry of the default. (See *Bowman* v. *Bowman,* 29 Cal.2d 808 [178 P.2d 751].)

This appeal was taken from that order, notice of appeal being filed on June 13, 1947. However, a notice to the clerk to prepare a transcript was not filed until July 10, 1947. The appellant was notified of the clerk's estimate of the cost of preparing the transcript on July 17, 1947, but no arrangement for the payment of these costs was made until September 15, 1947. The clerk's and reporter's transcripts were then prepared and were filed in this court on November 17, 1947.

On December 9, 1947, the respondents filed notice of motion to dismiss this appeal on the ground that a notice to prepare a transcript was not served and filed within 10 days after filing the notice of appeal, as required by rules 4(a) and 5(a) of the Rules on Appeal, and that arrangements had not been made for the payment of the cost of such transcripts within 10 days after notification of the clerk's

estimate of such costs, as required by rule 5(c) of the rules. This motion was made and heard on January 13, 1948, and has been submitted on affidavits and points and authorities presented by the respective parties.

Rules 4(a) and 5(a) of the rules provide that an appellant desiring the preparation of a record "shall" serve and file a notice to that effect within 10 days after filing notice of appeal. Rule 40(b) provides that the word "shall," as used in these rules, is mandatory. Rule 5(c) provides that the notice for the preparation of a clerk's transcript shall not be effective for any purpose unless arrangements are made with the clerk for the payment of the cost thereof within 10 days after notification of the clerk's estimate of such costs. Rule 45(b) provides that the trial court may, for good cause, extend the time for doing any of these acts provided application therefor is made before the expiration of the time allowed therefor by the rules. Rule 45(c) then provides for a still further extension upon application to the presiding justice of the appellate court.

In resisting the motion to dismiss the appeal the appellant relies on the rule formerly applied under the old rules, as set forth in *Murphy* v. *Krumm*, 21 Cal.2d 846 [136 P.2d 8], that where a transcript, although not filed within the time prescribed, is on file at the time notice is given of a motion to dismiss that fact shall be a sufficient answer to the motion.

In *Whelpton* v. *Taylor*, 81 Cal.App.2d 949 [185 P.2d 391], it was held that rule 5(c) is mandatory and that an appeal should be dismissed where arrangements were not made with the clerk within the time provided by that rule. While not necessary to the decision in that case it was further stated: "[E]ven if the transcript on appeal were now filed in this court (which it has not been) it would 'not be effective for any purpose.' " In the case now before us, the transcripts were filed in this court before notice was given of the motion to dismiss.

The language of these rules indicates an intention to provide that compliance therewith should be mandatory. While not directly providing that a later compliance shall not be considered sufficient in answer to a motion to dismiss, rule 5(c) definitely provides that the notice for a transcript shall not be effective for any purpose unless arrangements with the clerk for the payment of costs were made within a certain

time. The rules are reasonable and ample provision is made for obtaining an extension of time where good cause appears therefor. In the instant case, the rules were very substantially violated, no effort was made to obtain any extension of time, and no attempt has ever been made to secure relief from this default under section 473, Code of Civil Procedure.

The appellant was not only in default in these respects but with full knowledge she allowed six months to elapse after the entry of her default before moving to set aside the judgment, during which time the rights of third parties intervened. It further appears that her counsel was informed in advance that a default judgment was about to be entered, and that with full knowledge of the facts he deliberately chose to make no appearance. Moreover, the record discloses that the evidence amply sustains the court's finding and conclusion that proper service had been made. Her attorney had agreed to appear for her, but later demanded that she be served. She was informed that such service would be made. When the constable tried to hand her the papers she said ''No, I don't want them,'' and ran. He then left the papers on a table in her home. Her attorney was advised as to what had occurred, and he stipulated at the hearing that opposing counsel had informed him by letter on July 6, that the defendant had been served on July 1.

No reason is given for the failure to comply with rules 4(a) and 5(a). The reasons given for failure to comply with rule 5(c) are not only inconsistent and unconvincing in themselves, but the essential facts are denied in the opposing affidavits, which are supported by other known facts. The conclusion is inescapable that the appellant's main purpose throughout has been to delay and hinder, rather than to secure an opportunity to be heard in this action.

The purpose and effect of the rules here in question should not be lightly set aside. If it be assumed that in a proper case and upon a sufficient showing a delayed compliance might be excused, the showing here made is, in our opinion, insufficient to justify a denial of the motion.

The motion is granted and the appeal is dismissed.

Griffin, J., concurred.

A petition for a rehearing was denied March 8, 1948, and appellant's petition for a hearing by the Supreme Court was denied April 15, 1948.