[Civ. No. 7542.   Third Dist.   Oct. 11, 1948.]

ROSALIE YURKAS, Appellant, v. C. E. O'NEILL, Respondent.

Rosalie Yurkas, in pro. per., for Appellant.

Peter Mannino for Respondent.

THOMPSON, J.—This is a motion, under rule 42(a) of Rules on Appeal, to dismiss the appeal for failure of the appellant to either pay the clerk's estimated cost of preparing the transcript, or to make arrangements with the clerk for the payment thereof, as required by rules 4(c) and 5(c) of said Rules on Appeal. The plaintiff was represented on said motion in this court in proper person. The defendant was represented by his attorney, Peter Mannino.

Plaintiff brought the action against the defendant in Sacramento County Superior Court, for damages resulting from alleged negligence. The cause was tried April 13, 1948. Judgment of nonsuit was rendered against the plaintiff. April 26th, notice of appeal was duly served and filed. On the same day that the notice of appeal was filed, the county clerk gave plaintiff written notice of his estimated cost of preparing the transcript as required by said rule 4, with instructions to deposit said estimated sum with the clerk, or to make arrangements with him for the payment thereof. The notice of motion to dismiss this appeal, which was served and filed in this court on May 11, 1948, had attached to it the clerk's certificate containing the statements required by rule 42(a) of Rules on Appeal, and certifying that he had notified plaintiff in writing on April 26th of his estimate of the cost

of transcript and request for payment thereof and that "the time for the deposit of said estimated sum . . . has expired and no arrangements have been made by said Rosalie Yurkas, the plaintiff herein, for the payment of said estimated cost. . . ." That certificate is dated May 10, 1948, and was served on the plaintiff the following day.

Rule 5(c) provides, with respect to appellant's notice to the clerk for preparation of the transcript on appeal to be given "within ten days after filing the notice of appeal," that:

"The notice given by the appellant under the foregoing provisions of this rule shall not be effective for any purpose unless, within 10 days after notification from the clerk of his estimate of the cost of preparing the transcript . . ., the appellant shall make arrangements with the clerk for the payment thereof."

The record on this motion is devoid of any showing that the transcript on appeal has ever been prepared or filed, although more than four months have expired since the notice of appeal was filed, or that the appellant has ever endeavored to arrange with the clerk for the cost thereof. (*Barry v. Bowdle,* 69 Cal.App.2d 721 [160 P.2d 91].)

It is true that appellant offered in evidence at the time of presenting this motion to dismiss the appeal her written statement, sworn to before a notary public on May 27, 1948, in which she says, "Plaintiff mailed $25.00 in money order to the County Clerk, C. C. LaRue, which he surely received." But appellant also offered in evidence what purports to be a portion of a letter signed and sent to her by the clerk, in which he replied:

"You stated this morning that you sent this office $25.00. We have no record in this office of receiving this sum or any other amount from you relative to this matter."

The sworn certificate of the clerk definitely states that no arrangements were made with him to pay the estimated cost of the transcript. No receipt for the money order, or evidence of when it was mailed to the clerk, or that it was enclosed in an envelope with the postage prepaid and addressed to the clerk's residence or place of business were offered at the hearing. If the money order was mailed to the clerk later than 10 days after his notice to appellant on April 26th of his estimate of the cost of the transcript it would have been ineffectual "for any purpose," under the provisions of rule

5(c). If the money order was in fact mailed within time, but was incorrectly addressed or the postage was not prepaid, and therefore not received, it would still be inadequate. Assuming, without so deciding, that said rule is not mandatory, since it is the disposition of courts to hear appeals on their merits, and that an appellant might be relieved from inadvertent mistakes under proper circumstances, there has been no adequate proof of such mistake, or effort to correct it within a reasonable time, or at all.

We are bound by the record as it is presented to us.

In *Cunningham* v. *Taylor* (opinion filed September 25, 1948), *ante*, p. 701 [197 P.2d 565], this court held under circumstances very similar to this case, except that the appellant in that case failed to appear in this court in opposition to the motion to dismiss the appeal, that:

"From the foregoing it is apparent that this appeal should be dismissed, not only for failure of appellant to arrange with the clerk for payment of the cost of the record, but also because such appeal may be deemed abandoned. (Citing authorities.)"

We are impelled to hold that the appeal should be dismissed for failure to arrange for the payment of the clerk's estimated cost of preparing the record on appeal.

The appeal is, accordingly, dismissed.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied November 3, 1948.