[Civ. No. 19897.   Second Dist., Div. One.   Sept. 25, 1953.]

H. A. BARDEEN et al., Respondents, v. DEWITT LANG-FORD et al., Appellants.

Hightower & Martin and John Laurie Martin for Appellants.

Iverson & Hogoboom and Paul E. Iverson for Respondents.

THE COURT.—Motion by plaintiffs to dismiss appeal filed by defendants Langford and Lambert.

The certificate of the clerk of the superior court shows judgment for plaintiffs quieting title in them, as lessees, to certain real property as against the named defendants. Notice of appeal was filed August 7, 1953.  Up to the date of the certificate, September 2, 1953, the clerk states, "No notice to clerk to prepare record on appeal has been filed; accordingly no transcript has been certified or filed."

Plaintiffs move to dismiss the appeal under rule 10a, Rules on Appeal, because defendants (as appellants) have not taken prompt steps to perfect their appeal, have not complied with the requirements of rule 4(a) or 4(b) or 5(a), Rules on Appeal, and no extension of time had been granted by the trial court, as permitted by rule 45(b), Rules on Appeal. (See Rules on Appeal, 36 Cal.2d, pages 3, 5, 12, 35.)

Defendants' response to the motion is to ''petition for an order permitting them to perfect their appeal'' on the ground that their failure to perfect their appeal within the prescribed time was due to inadvertence and excusable neglect. An affidavit of their attorney sets out a conversation and correspondence looking toward a settlement of the controversy. Plaintiffs and their attorney have filed affidavits denying that there have been or now are any negotiations for settlement. Their attorney further states that defendants' attorney wrote him about a settlement, to which he replied that conversations between counsel would not produce results but that any such talks should be between their clients. Plaintiff H. A. Bardeen states that defendant Langford called him for the first time on September 21st (one day prior to hearing on the motion to dismiss) and Langford stated that his attorney had not suggested that he contact plaintiff to discuss settlement. Plaintiffs' attorney points out that defendants' attorney did not request extension of time for taking necessary steps to perfect appeal and no assurance was given that any such request would be granted; that defendants' attorney knew that no extension would be agreed to; that plaintiffs are in default on their lease because of conduct of defendants and are in danger of losing all their rights in the property unless the appeal is determined speedily.

As stated in the case of *Heatly* v. *Heatly,* 83 Cal.App.2d 677, 680 [189 P.2d 748] : ''The purpose and effect of the rules here in question should not be lightly set aside. If it be assumed that in a proper case and upon a sufficient showing a delayed compliance might be excused, the showing here made is, in our opinion, insufficient to justify a denial of the motion (to dismiss).''

The appeal is dismissed.

A petition for a rehearing was denied October 14, 1953.