[Civ. No. 22313. Second Dist., Div. Two. Apr. 9, 1957.]

JAMES J. CONBOY, Appellant, v. SPARTON SCAFFOLD-
ING PRODUCTS, INC. et al., Respondents.

Elmer Low and Edward S. Hoeth for Appellant.

James V. Brewer for Respondents.

THE COURT.—The appeal herein was dismissed February 24, 1957, on motion of respondents, based upon the ground that appellant had failed to make timely arrangement for payment of cost of the clerk's transcript on appeal. Judgment had been entered July 25, and a second judgment, after amended findings had been filed, September 14, 1956. Notwithstanding that on October 24 and 29, 1956, the clerk (Rules on Appeal 4[a]) mailed to appellant's attorneys a notice of estimated costs of clerk's and reporter's transcripts, appellant had not, on February 6, 1957, made arrangement with the clerk for the payment of such cost. Neither was any notice to prepare a record of appeal from the judgment of September 14, 1956, given at any time prior to the issuance of the clerk's certificate, February 6, 1957.

On January 24, 1957, after appellant had been long in default in pursuing his appeal from either judgment (rules 4[c] and 5[c]), appellant's counsel filed with the clerk an application for leave to prosecute the appeal upon a "settled statement." ■ At that time appellant's attorneys knew that he was in default in having failed to pay the estimated cost of the clerk's transcript and he should have known that there is no rule authorizing the Presiding Justice to make an ex parte order directing the clerk of the superior court to accept for filing a settled statement on appeal in lieu of a clerk's transcript. The order was signed, but it was a void order, rule 53 (b). This fact should have been known to appellant, but he erroneously conceived that he had been relieved of his default in the prosecution of his appeal. Not so.

■ On March 8, 1957, he paid $29.50 to the clerk for the clerk's transcript. But such payment did not operate to cure the default which had existed since November 9, 1956. (*Whelpton* v. *Taylor*, 81 Cal.App.2d 949, 951 [185 P.2d 391]; *Heatly* v. *Heatly*, 83 Cal.App.2d 677, 679-680 [189 P.2d 748]; *Yurkas* v. *O'Neill*, 87 Cal.App.2d 885 [198 P.2d 103].)

When at the hearing of the motion appellant's counsel pleaded the order of February 24, the Presiding Justice stated that the order was void and the court, *en banc*, concurred in granting the motion to dismiss.

The petition for a rehearing is supported by the affidavit of Elmer Low, appellant's attorney, who deposes that his associate who was present at the hearing of the motion to dismiss was not familiar with the facts; that while his notice of appeal was filed September 27, 1956, from the judgment on the amended findings, he had given no notice to the clerk to prepare a record on appeal. That he paid the costs of the clerk's transcript on March 8, 1957, does not relieve appellant of his default or tend to induce this court to grant a rehearing.

All that he has done by way of preparation and presentation of a proposed settled statement has not prejudiced him for the reason that his right of appeal expired in early January 1957. His later efforts have been merely misdirected attempts to be relieved of his default.

Petition for rehearing denied.