Opinion
 

 CAPACCIOLI, J.
 

 Statement of the Case
 

 Plaintiff Lawrence Demkowski filed an action against defendant Soon Keun Lee for personal injuries he suffered when her car collided with his. Demkowski’s employer, the City of San Jose (City), filed a complaint in intervention against Lee to recover the workers’ compensation benefits it had paid Demkowski as a result of the accident. After a trial, the jury found in favor of Demkowski and the City, awarding them $40,000 and $19,397.21, respectively. Judgment was entered accordingly, and Lee appealed therefrom. She claims the jury’s verdict forms were inconsistent with the court’s instructions, creating confusion and a substantial probability the jury would (and did) award a double recovery. We conclude that the verdict for Demkowski is ambiguous. And since we are unable to interpret the verdict so as to eliminate this ambiguity, we reverse the judgment as to damages.
 

 Facts
 

 On August 6, 1985, Demkowski, a detective in the San Jose Police Department, was investigating a case in an unmarked police car when Lee’s
 
 *715
 
 car collided into it. Demkowski was treated for his injuries and continued to suffer neck and thumb pain that affected his ability to perform work-related functions. Since the accident occurred while Demkowski was working, the City paid him workers’ compensation benefits totalling $19,397.21: $1,942.07 in medical expenses, $64 in temporary disability, $486.14 in supplemental disability leave, and $16,905 in permanent disability.
 

 Prior to trial, Lee admitted liability.
 

 Procedural History, Instructions, and Verdict Forms
 

 During trial, all counsel agreed on a set of instructions. However, they disagreed on the form of the verdict. Defense counsel submitted a form that required the jury first to find “the total amount of damages suffered by [Demkowski] as a proximate result of the accident” and then to determine the reasonable amount of the City’s workers’ compensation lien, i.e., the amount it reasonably paid Demkowski in compensation benefits.
 

 The court rejected this form and, over defense counsel’s objection, adopted and modified plaintiffs’ proposed general verdict forms. The two forms read, in pertinent part, as follows: “We, the jury . . . find in favor of the plaintiff, Lawrence Demkowski, and against the defendant, Soon Keun Lee, and assess plaintiff’s general damages, exclusive of any amount determined with reference to plaintiff City of San Jose, in the amount of . . . .” “We, the jury . . . find in favor of the City of San Jose and against defendant, Soon Keun Lee, and assess the city’s recovery of workers’ compensation benefits in the amount of . . . .”
 

 After closing arguments but before the jury was instructed, defense counsel objected to the set of proposed instructions. He said that he initially agreed to them because he thought they would be followed by his verdict form. The trial court acknowledged but denied the objection. It then gave the instructions previously submitted.
 

 Discussion
 

 I. Notice to Prepare Transcripts
 

 The City notes that Lee filed her notice to prepare the clerk’s and reporter’s transcripts 17 days after her notice of appeal, in violation of California Rules of Court, rules 4(a) and 5(a), which require that such notice be filed within 10 days after filing the notice of appeal. Citing
 
 Boyle
 
 v.
 
 Hawkins
 
 (1969) 71 Cal.2d 229, 232, fn. 2 [78 Cal.Rptr. 161, 455 P.2d 97],
 
 *716
 
 the City requests that we decline to consider “all issues relating to the instructions” on appeal.
 

 Lee’s notice to prepare transcripts was untimely. However, the appropriate avenue of relief for such a violation of the rules is a motion to dismiss the appeal, filed in accordance with California Rules of Court, rules 41 and 42. (See
 
 Thompson
 
 v.
 
 Boyd
 
 (1963) 217 Cal.App.2d 365, 387 [32 Cal.Rptr. 513]; see, e.g.,
 
 Conboy
 
 v.
 
 Sparton Scaffolding Products
 
 (1957) 150 Cal.App.2d 22 [311 P.2d 572];
 
 Bardeen
 
 v.
 
 Langford
 
 (1953) 120 Cal.App.2d 381 [260 P.2d 1014];
 
 Beresford
 
 v.
 
 Pacific Gas & Elec. Co.
 
 (1952) 113 Cal.App.2d 622 [248 P.2d 773];
 
 Heatly
 
 v.
 
 Heatly
 
 (1948) 83 Cal.App.2d 677 [189 P.2d 748].)
 

 The City now raises the issue in its respondent’s brief, which was filed six months after the transcripts were filed, and, in fact, relies on the clerk’s transcript. The City does not claim that Lee’s untimely notice was ineffective because Lee did not timely deposit the clerk’s estimate of the cost for preparing the clerk’s transcript. (See Cal. Rules of Court, rule 5(c).) Nor does the City dispute the accuracy of the transcripts or suggest that Lee’s violation reflects bad faith or an attempt to delay the proceedings on appeal. On the contrary, both the City and Demkowski requested and were granted two extensions of time within which to serve and file their briefs. None of these requests was based on an alleged delay caused by Lee’s untimely notice to prepare transcripts.
 

 Under the circumstances, we believe the strong public policy in favor of hearing appeals on their merits and not depriving a party of the right because of technical noncompliance where he or she appears to have attempted to comply with the rules favors the denial of the City’s request in this case. (Cf.
 
 Estate of Hultin
 
 (1946) 28 Cal.2d 340 [170 P.2d 16].)
 

 Boyle
 
 v.
 
 Hawkins, supra,
 
 71 Cal.2d 229, does not require otherwise. In that case, the court declined to address certain issues on appeal because the complaining party filed neither a notice of appeal from the judgment nor a timely notice to prepare transcripts.
 
 (Id.
 
 at p. 232, fn. 2.) The circumstances here are materially distinguishable.
 

 II. Invited Error
 

 Plaintiffs contend that because defendant initially requested the instructions given, the doctrine of invited error bars her from complaining of any alleged prejudicial inconsistency between the instructions and the verdict form. We disagree.
 

 
 *717
 
 Under the doctrine of invited error, a party may not complain of the giving of a particular instruction that he or she individually or jointly requested.
 
 (Fortman
 
 v.
 
 Hemco, Inc.
 
 (1989) 211 Cal.App.3d 241, 255 [259 Cal.Rptr. 311];
 
 Gherman
 
 v.
 
 Colburn
 
 (1977) 72 Cal.App.3d 544, 567 [140 Cal.Rptr. 330]; see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§ 301, 302, 313, pp. 313-314, 324-325.) This rule is designed to prevent one whose conduct induces or invites the commission of error by the trial court from later taking advantage of it. (See
 
 Valentine
 
 v.
 
 Kaiser Foundation Hospitals
 
 (1961) 194 Cal.App.2d 282, 291 [15 Cal.Rptr. 26], overruled on other grounds in
 
 Siverson
 
 v.
 
 Weber
 
 (1962) 57 Cal.2d 834, 839 [22 Cal.Rptr. 337, 372 P.2d 97];
 
 Abbott
 
 v.
 
 Cavalli
 
 (1931) 114 Cal.App. 379, 383 [300 P. 67].)
 

 The rule is inapplicable here because defendant does not contend the court erred in giving defective instructions or in failing to instruct the jury more fully. Rather, she claims the court erred in using verdict forms which, in light of the court’s instructions, permitted a double recovery against her. Although the resolution of this claim involves an evaluation of the instructions as to how damages were to be determined, it does not hinge on a finding of whether or not there was instructional error. Since defendant objected to the verdict forms adopted by the court, the issue raised is properly before us. (Cf.
 
 Woodcock
 
 v.
 
 Fontana Scaffolding & Equip. Co.
 
 (1968) 69 Cal.2d 452 [72 Cal.Rptr. 217, 445 P.2d 881] [although no objection to instructions or verdict form, proper to challenge verdict as ambiguous in light of them].)
 

 Propriety of the Verdict Forms
 

 As just noted, Lee contends the trial court erred in using verdict forms that, in light of the court’s instructions, created the distinct possibility of a double recovery against her. She argues that since it is impossible to tell whether there was a double recovery, the judgment must be reversed and the matter remanded for a new trial on damages.
 

 Before addressing this claim, we find it useful to review some general principles concerning joint actions by employees and employers.
 

 Where the tort of a third party causes injury to an employee, Labor Code section 3852 permits the employee to sue the tortfeasor for
 
 all
 
 damages proximately resulting from the injury even though he or she has received from an employer workers’ compensation benefits covering some of the same injuries and resulting disability.
 
 [1]
 
 To prevent an employee from
 
 *718
 
 retaining both third party damages
 
 and
 
 workers’ compensation benefits for the same injuries and disabilities, the Labor Code permits an employer to recover workers’ compensation benefits it has become obligated to pay and/or has paid by (1) bringing an action directly against the tortfeasor (§ 3852), (2) joining as a party plaintiff or intervening in an action brought by the employee (§ 3853), or (3) allowing the employee to prosecute the action and then applying for a first lien against the amount of the employee’s judgment (§ 3856, subd. (b);
 
 Witt
 
 v.
 
 Jackson
 
 (1961) 57 Cal.2d 57, 69 [17 Cal.Rptr. 369, 366 P.2d 641]).
 

 Where, as here, the employer intervenes, its status is akin to that of a subrogee. (See
 
 Breese
 
 v.
 
 Price
 
 (1981) 29 Cal.3d 923, 927-931 [176 Cal.Rptr. 791, 633 P.2d 987];
 
 De Cruz
 
 v.
 
 Reid
 
 (1968) 69 Cal.2d 217, 222 [70 Cal.Rptr. 550, 444 P.2d 342];
 
 Hubbard
 
 v.
 
 Boelt
 
 (1983) 140 Cal.App.3d 882, 884 [190 Cal.Rptr. 15].) Its right to recover workers’ compensation benefits derives from and does not extend beyond the employee’s tort remedy against the negligent third party.
 
 (Ibid.)
 

 Thus, although the employer and employee are entitled to verdicts and judgments setting forth their respective rights
 
 (Kuhlmann
 
 v.
 
 Pascal & Ludwig
 
 (1970) 5 Cal.App.3d 144, 150 [85 Cal.Rptr. 199];
 
 Fernandez
 
 v.
 
 Consolidated Fisheries, Inc.
 
 (1953) 117 Cal.App.2d 254, 264-265 [255 P.2d 863]), the damages must be segregated between them to prevent a double recovery against the tortfeasor. (See
 
 Fernandez
 
 v.
 
 Consolidated Fisheries, Inc., supra,
 
 117 Cal.App.2d 254, 265.)
 

 In general, the employer can recover the amount of workers’ compensation benefits it has paid, but in a given case, the amount of its judgment may not exceed the total amount of tort damages suffered by the employee. The employee is entitled to have the jury determine his or her total tort damages, but may recover only a net judgment for the difference, if any, between the total tort damages and the workers’ compensation benefits received. (See, e.g.,
 
 Woodcock
 
 v.
 
 Fontana Scaffolding & Equip. Co., supra,
 
 69 Cal.2d 452.)
 
 [2]
 

 
 *719
 
 To prevent a double recovery, the court may instruct the jury to segregate types of damage as between the employee and employer, awarding to the employee only those tort damages not recoverable by the employer. (See
 
 Fernandez
 
 v.
 
 Consolidated Fisheries, Inc., supra,
 
 117 Cal.App.2d 254, 265-266;
 
 Eckman
 
 v.
 
 Arnold Taxi Co.
 
 (1944) 64 Cal.App.2d 229, 234-235 [148 P.2d 677].)
 

 For example, one commentator suggests that a proper instruction would be “1) that the employer is entitled to recover the amount of his expenditures for [workers’] compensation benefits including medical and temporary disability payments made, 2) that the employee is entitled to recover common law damages as conventionally described, and 3) that from the employee’s recovery must be subtracted the amount he has previously received from the employer and the balance, if any, will be his common law damages.” (Lasky,
 
 Subrogation Under The California Workmen’s Compensation Laws—Rules, Remedies and Side Effects
 
 (1972) 12 Santa Clara L.Rev. 1, 18.)
 

 Alternatively, the jury may generally be instructed on the types of tort damages to which the employee may be entitled and then given a special verdict form that requires the jury to find whether the defendant was negligent, whether the negligence was the proximate cause of the employee’s injuries, what the employee’s total tort damages are, without taking into account his or her receipt of workers’ compensation benefits, and what the reasonable amount of benefits paid by the employer were. Thereafter, the
 
 court
 
 enters individual judgments on the special verdict for the amounts to which the employee and employer are entitled.
 
 [3]
 
 (See
 
 Kuhlmann
 
 v.
 
 Pascal & Ludwig, supra,
 
 5 Cal.App.3d 144,150-151;
 
 Woodcock
 
 v.
 
 Fontana Scaffolding & Equip. Co., supra,
 
 69 Cal.2d 452, 458 and fn. 4.) Subdivision (c) of section 3856
 
 [4]
 
 contemplates segregation of damages by the court.
 
 (Kuhlmann
 
 v.
 
 Pascal & Ludwig, supra,
 
 5 Cal.App.3d 144, 150-151.)
 

 
 *720
 
 The heart of the controversy in this case is whether the jury found Demkowski’s total tort damages to be $59,397.31, awarded the City $19,397.31 as reimbursement for compensation benefits, and awarded the $40,000 balance to Demkowski; or whether the $40,000 represented all of Demkowski’s tort damages. If so, the otherwise correct and appropriate award of $19,397.31 to the City represents a double recovery.
 

 To answer these questions, we must investigate how damages in this case were to be segregated so as to prevent a double recovery.
 

 We first observe that the instructions did not direct the jury to segregate damages or even suggest that they should do so.
 

 The court initially instructed the jury that since Lee admitted liability for damages proximately caused by the auto accident, “you will award plaintiff damages in an amount that will reasonably compensate him for each of the following elements of claimed loss or harm, provided that you find it was [or will be] suffered by him and [proximately] caused by such accident, [¶]
 
 The amount of such award shall include:
 
 (Italics added; see BAJI No. 14.01.)
 

 The court then instructed the jury concerning the reasonable value of Demkowski’s medical expenses, temporary disability, lost past wages, diminished earning capacity, and pain and suffering.
 
 [5]
 

 The court further instructed the jury “Any employer who pays, or becomes obligated to pay, compensation resulting from injury to an employee, may
 
 *721
 
 make a claim or bring an action against a third person for its expenses. [SI] The employer may recover in the same suit as the employee, in addition to the total amount of compensation, damages for which it was liable including all salary, wage, pension or other emolument paid to the employee.”
 

 The City argues that since the court’s initial instruction concerning what the damage award shall include referred generally to “plaintiff,” and since the City was introduced as a plaintiff, the instructions “were not duplicative or erroneous but only required the jury to apply them to the appropriate ‘plaintiff’ according to the evidence. For instance, if the City incurred expenses for Demkowski’s medical treatment, the jury could award those expenses to plaintiff City. Likewise, if Demkowski incurred medical expenses not paid by the City, the jury could award those expenses to him. The same instruction . . . could be applied to neither, either or both plaintiffs depending on the evidence produced at trial.” This argument is meritless.
 

 Although the jury was instructed that the word “plaintiff” applied to each plaintiff unless “otherwise instructed,” the court’s initial instruction required the jury to award “plaintiff damages in an amount that will reasonably compensate
 
 him
 
 for each of the following elements of claimed loss or harm . . . .” Thus, it is not at all clear the jury would find the court’s initial instruction also applicable to the City.
 

 Moreover, even if we assume it did, the instruction does not tell the jury to segregate, for example, medical expenses paid by the City from those paid by Demkowski and not by the City.
 

 The City acknowledges that the instructions permitting awards for both the reasonable value of temporary disability and the reasonable value of Demkowski’s lost work time “appear to be duplicative since temporary disability, like wage loss, compensates the employee for time lost from work due to injury.” However, the City notes that since an employee may suffer some wage loss exceeding the amount of temporary disability he or she receives from an employer, the instructions “allowed the City recovery for temporary disability it had paid and Demkowski recovery for any wage loss not covered by disability.” It claims the wage-loss instruction prevented double recovery because it specifically referred to “working time lost to date by plaintiff Demkowski.”
 

 This argument also fails to address the issue of segregation. Nowhere is the jury instructed to award the City the reasonable value of temporary disability it paid to Demkowski and Demkowski only the reasonable value of
 
 *722
 
 lost wages in excess of the amount of temporary disability he received. Rather, the instructions permit, if not require, damage awards for both the total amount of temporary disability paid by the City
 
 and
 
 the total amount of lost wages, regardless of the obvious duplication of damages. Indeed, literally interpreted and applied, Demkowski could have received an award for both amounts. Moreover, the jury was also permitted to reimburse the City for the total amount of compensation benefits it paid Demkowski.
 

 In short, the instructions did not require the jury to segregate damages, and standing alone, they permit the jury to award Demkowski
 
 all
 
 of his damages and the City
 
 all
 
 of the benefits it paid to Demkowski, even though the combination of such awards would constitute a double recovery from Lee. (Cf.
 
 Eckman
 
 v.
 
 Arnold Taxi Co., supra,
 
 64 Cal.App.2d 229 [instructions permitted jury to award employer and employee’s heirs all of their respective damages].)
 

 We next turn to the court’s verdict forms to see whether they require the sort of segregation that would prevent the double recovery otherwise possible under the court’s instructions.
 

 Plaintiffs note that the form for Demkowski required the jury to assess Demkowski’s general damages “exclusive of any amount determined with reference to plaintiff City of San Jose.” They argue, in effect, that this language prevented the jury from awarding Demkowski tort damages that duplicate the City’s award for the compensation benefits it paid. Thus, they further claim that using the two verdict forms, the jury made a combined award of
 
 only
 
 the total amount of tort damages for which Lee was responsible and no more. Consequently, there was no possibility of a double recovery.
 

 In our view, the above quoted language from the verdict form was not sufficiently clear or direct to ensure that the jury would exclude or subtract from Demkowski’s total damages the amount of compensation benefits which the City was entitled to recover.
 

 Webster’s New Collegiate Dictionary (9th ed. 1984) defines the preposition “exclusive of” as as “not taking into account.”
 
 (Id.
 
 at p. 433.) The jury reasonably could have assessed Demkowski’s general damages without taking into account “any amount determined with reference to Plaintiff City of San Jose.” This latter quoted phrase is itself vague and ambiguous, in that it could refer to the individual amounts the City paid Demkowski for medical expenses, temporary disability, and permanent disability, or to the total amount of compensation benefits. Thus, we cannot say the verdict form
 
 *723
 
 prevented the jury from awarding Demkowski and the City damages for the same items of loss.
 

 For example, the jury was told that the amount of the award shall include “the present cash value of Mr. Demkowski’s diminished ability to compete in an open labor market” and that in determining this amount, it could consider the amount of permanent disability paid by the City, i.e., $16,905. The jury was also instructed that the City may recover the full amount of the benefits paid, which would include its permanent disability payment.
 

 The City acknowledges that permanent disability is essentially the same as a loss of earning capacity. (See
 
 State Compensation Ins. Fund
 
 v.
 
 Industrial Acc. Com.
 
 (1963) 59 Cal.2d 45, 52 [27 Cal.Rptr. 702, 377 P.2d 902].) Thus, separate awards for both the total value of diminished earning capacity and reimbursement for a permanent disability payment may, and most likely will, involve a substantial overlap, i.e., double recovery, unless the verdict form clearly required the jury (1) to limit Demkowski’s award for diminished earning capacity to the amount of such damages that exceeds the amount of workers’ compensation benefits received for permanent disability or, (2) more generally, to award the employee only the difference between his or her total damages and the benefits received from the City.
 

 The court’s verdict form does not unequivocally do either. Rather, using it, the jury could have assessed general damages, which include diminished earning capacity
 
 (Rodriguez
 
 v.
 
 McDonnell Douglas Corp., supra,
 
 87 Cal.App.3d 626, 656), without taking into account the amount to which the City was entitled to be reimbursed. Doing so, however, does not necessarily mean the jury
 
 excluded
 
 or
 
 subtracted
 
 from the damages incurred by Demkowski any particular amount it awarded to the City.
 

 We acknowledge, as plaintiffs’ point out, that during closing argument, counsel for Demkowski emphasized he was not seeking damages for injuries for which he already received workers’ compensation benefits. However, defense counsel’s argument did not require the jury to segregate damages. Nor does such argument conclusively demonstrate that Demkowski’s award represents only his net tort damages.
 

 In light of our discussion, we conclude that the court’s verdict form failed to require a segregation of damages and thereby prevent a double recovery. Consequently, when we view Demkowski’s damage award in light of the instructions and verdict form, we cannot say whether it represents his gross or net tort damages. And since we are unable to resolve this ambiguity and conclude there was no double recovery, reversal is appropriate.
 
 (Woodcock
 
 v.
 
 Fontana Scaffolding & Equip. Co., supra,
 
 69 Cal.2d 452, 457.)
 

 
 *724
 
 The City claims that even if the award to Demkowski must be reversed, the verdict in its favor should be allowed to stand. It argues that the jury could not have been confused in determining its award because it simply represents the exact dollar amount of the benefits it paid.
 

 This claim appears to have merit. However, as noted above, the City may not obtain a judgment for compensation benefits that exceeds the total amount of Demkowski’s tort damages, regardless of the actual amount of benefits it paid.
 

 The amount of Demkowski’s award suggests that even if it represented his gross damages, his net damages would still exceed the amount of the City’s claim and, therefore, the City’s judgment would be appropriate. Nevertheless, allowing the City’s judgment to stand while reversing Demkowski’s technically puts the cart before the horse. There is a theoretical possibility, however unlikely, that on retrial the jury might determine Demkowski’s total tort damages to be less than the amount of compensation benefits paid by the City. Under such circumstances, the City’s existing judgment would constitute an unauthorized and excessive recovery from Lee.
 

 The damage awards to Demkowski and the City are reversed, and the matter is remanded for further proceedings. In all other respects the judgment is affirmed. Defendant Lee is entitled to her costs on appeal. (Cal. Rules of Court, rule 26(a).)
 

 Agliano, R J., and Elia, J., concurred.
 

 [1]
 

 Labor Code section 3852 provides, in relevant part, “The claim of an employee ... for compensation does not affect his or her claim or right of action for all damages proximately resulting from the injury or death against any person other than the employer. Any employer
 
 *718
 
 who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation . . . may likewise make a claim or bring an action against the third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he or she was liable including all salary, wage, pension, or other emolument paid to the employee . . . .”
 

 Unless otherwise specified, all further statutory references are to the Labor Code.
 

 [2]
 

 Essentially the same result occurs when only the employee sues the third party and the employer applies for a lien against the employee’s judgment for damages. Similarly, when only the employer sues, it must prove the tortfeasor’s negligence, liability for the employee’s injuries, and the total amount of the employee’s damages.
 
 (Breese
 
 v.
 
 Price, supra,
 
 29 Cal.3d 923, 926.) The employer may then obtain a judgment for this amount, retain the amount of
 
 *719
 
 benefits paid, and pay the balance, if any, to the employee. (§ 3856, subd. (a); see 2 Hanna, Cal. Law of Employee Injuries and Workmen’s Compensation (2d ed. 1990) Damages Recoverable by Independent Suit or Intervention, § 24.07[3], p. 24(38.2); cf.
 
 Western States etc. Co.
 
 v.
 
 Bayside L. Co.
 
 (1920) 182 Cal. 140, 148 [187 P. 735].)
 

 [3]
 

 This is the procedure BAJI instructions contemplate in the more complicated situation where the defendant raises issues concerning the employee’s and/or employer’s contributory negligence. (See, e.g.,
 
 Rodriguez
 
 v.
 
 McDonnell Douglas Corp.
 
 (1978) 87 Cal.App.3d 626, 635-636 and fns. 3 and 4 [151 Cal.Rptr. 399]; see also BAJI Nos. 16.75 and 16.90; BAJI Nos. 16.75 and 16.90 (1986 Rev.).)
 

 [4]
 

 This subdivision provides, in relevant part, that after ordering payment of reasonable litigation expenses and attorney’s fees “from any judgment for damages recovered,” “the court shall apply out of the amount of such judgment an amount sufficient to reimburse the employer for the amount of his expenditure for compensation together with any amounts to which he may be entitled as special damages . . . .”
 

 [5]
 

 The specific instructions were as follows: “The amount of such award shall include:” “The reasonable value of medical care, services and supplies reasonably required and actually given in the treatment of Lawrence Demkowski to the present time." (See BAJI No. 14.10.)
 

 “The reasonable value of temporary disability paid by the City of San Jose. [f] In determining this amount, you should consider evidence of the actual amounts of temporary disability compensation and supplemental disability leave pay actually paid by the City Of San Jose as the result of Mr. Demkowski’s injuries suffered in this accident.”
 

 “The reasonable value of working time lost to date by plaintiff Demkowski. [f] In determining this amount, you should consider evidence of plaintiff’s earning capacity, his earnings, how he ordinarily occupied himself, and find what he was reasonably certain to have earned in the time lost if he had not been injured.” (See BAJI No. 14.11.)
 

 “The present cash value of Mr. Demkowski’s diminished ability to compete in an open labor market. [1] In determining this amount, you may consider the actual amounts paid by the City of San Jose as permanent disability benefits as the result of Mr. Demkowski’s injuries suffered in this accident.” (See BAJI No. 14.12.)
 

 “Reasonable compensation for any pain, discomfort, fears, anxiety and other mental and emotional distress suffered by the plaintiff and of which his injury was a [proximate] cause [and for similar suffering reasonably certain to be experienced in the future from the same cause].” (See BAJI No. 14.13.)